Christopher Pitoun (SBN 290235)
*christopherp@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

Joseph M. Vanek (to be admitted *Pro Hac Vice*)
*jvanek@sperling-law.com*
John P. Bjork
*jbjork@sperling-law.com*
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Telephone: (312) 641-3200

David S. Klevatt (to be admitted *Pro Hac Vice*)
dklevatt@insurancelawyer.com
KLEVATT & ASSOCIATES, LLC
33 North LaSalle Street, Suite 2100
Chicago, IL 60602-2619
Telephone: (312) 782-9090

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVINA KROETZ, on behalf of herself and all others similarly situated. | No. 2:20-cv-2117 |
| Plaintiff, | |
| v. | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| JOHN HANCOCK LIFE INSURANCE COMPANY and DOES 1 TO 50, inclusive, | 1. BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM |
| Defendants. | 2. BAD FAITH |

SILVINA KROETZ ("Mrs. Kroetz" or "Plaintiff"), brings this action on behalf of herself and all others similarly situated, against Defendant John Hancock Life Insurance Company ("John Hancock"). Plaintiff, by and through her attorneys, based on her individual experiences, the investigation of counsel, and information and belief, alleges as follows in support of the claims herein.

## I.   NATURE OF THE CASE

1. Plaintiff has filed this class action lawsuit because Defendant John Hancock knowingly and repeatedly violated California law by failing to provide statutorily mandated annual notices to policyholders as required by California law, and therefore, improperly lapsed and refused to pay the benefits of its life insurance policies.

2. Under Sections 10113.71 and 10113.72 of the California Insurance Code, which became effective January 1, 2013, life insurance companies such as John Hancock are required to give their policyholders an opportunity to designate a third party to receive notice of a potential termination of benefits for non-payment of a premium ("Designation Notice Requirement").

3. The public policy undergirding the Designation Notice Requirements—which were publicly supported by California's Governor, Insurance Commissioner and Department of Insurance—is to provide consumer safeguards from which people who have purchased life insurance coverage, especially seniors, would benefit, specifically, to protect consumers from losing insurance coverage due to a premium payment that is accidentally missed.

4. According to the author of the legislation: "Individuals can easily lose the critical protection of life insurance if a single premium is accidentally missed. If an insured individual loses coverage and wants it reinstated, he or

she may have to undergo a new physical exam and be underwritten again, risking a significantly more expensive, possibly unaffordable premium if his or her health has changed in the years since purchasing the policy. Therefore, the protections provided by [the Requirements] are intended to make sure that policyholders have sufficient warning that their premium may lapse due to nonpayment."

5. This is not a mere hypothetical concern. When one is ill, or in the final stages of life, it is not uncommon for a life insurance holder to miss a premium payment as a result of their condition.

6. John Hancock has repeatedly and intentionally failed to adhere to the Designation Notice Requirements, and then failed to honor those life insurance policies by refusing to pay beneficiaries the proceeds. John Hancock's conduct has been particularly egregious as it had notice that a Court in this very district and a Court in the Southern District of California have enforced the Designation Notice Requirements against a life insurance company in identical circumstances and awarded the benefits under the policies to the beneficiaries. *See Bentley v. United of Omaha Life Insurance Co.*, 2:15-CV-07870 (C.D. Cal. Feb. 21, 2019), Dkt. No. 174 at 24-25 ("Jennifer Bentley, as the class representative, has successfully demonstrated that United breached its contractual duty to pay life insurance benefits because: (1) United issued the life insurance policy to Eric Bentley, and Jennifer Bentley is that policy's beneficiary, Jt. Stip. ¶ 15; (2) the Bentley policy was issued, delivered, or renewed in California by United, *id*. ¶¶ 16–17; (3) the Bentley policy renewed after the Effective Date, *id*. ¶¶ 17, 20; (4) United did not provide Eric Bentley with the Offer to Designate or provide Jennifer Bentley with the Designee/30-Day Notice required by the Statutes, *id*. ¶¶ 22–24; (5) the Bentley policy lapsed for non-payment of premium after the Effective Date, *id*. ¶¶ 4–5, 35–36; and

(6) to date, United has not paid death benefits on the Bentley policy. *Id.* ¶ 32. Thus, there is no dispute of material fact that United breached its contractual duty to pay Jennifer Bentley's life insurance claim."). *Accord Thomas v. State Farm Insurance Company*, Case No 18-cv-00728 (S.D. Cal. Dec. 10, 2019).

7. More specifically, for life insurance policies originally issued prior to January 1, 2013, John Hancock has terminated and refused to pay benefits due to the non-payment of premiums despite failing to adhere to the Designation Notice Requirements mandated by law with respect to such policies.

8. Plaintiff is one of many beneficiaries that have been damaged by John Hancock's unlawful conduct.

9. John Hancock improperly terminated and refused to pay the benefits of a policy it had issued to Sean Kroetz ("Mr. Kroetz")—Mrs. Kroetz's husband—who died on October 17, 2017.

10. Plaintiff brings this suit as a class action to hold John Hancock accountable for its violations of the law, which have severely harmed, and will continue to severely harm if not stopped, numerous families such as Mrs. Kroetz's.

## II. JURISDICTION AND VENUE

11. This action is a civil matter of which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332.

12. The Plaintiff is a citizen and domiciliary of the state of California residing in Chatsworth, California.

13. John Hancock has its corporate headquarters in Boston, Massachusetts, is incorporated in the state of Michigan, and the amount in controversy well exceeds the jurisdictional minimum under 28 U.S.C. § 1332.

14. Venue is appropriate in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to claims at issue occurred in this district. Plaintiff resides in this district and the life insurance policy at issue was issued in this district. John Hancock has transacted business in this district including the issuance of life insurance policies and was found or had agents in this district.

15. This Court has personal jurisdiction over John Hancock because, among other facts, John Hancock: a) transacted business in this district; b) issued insurance policies in this district; c) had substantial contacts with this district; and/or d) was engaged in the illegal conduct alleged herein which was directed at and had the intended effect of causing injury to persons residing or located in this district.

### III. THE PARTIES

16. Mrs. Kroetz is the sole beneficiary of the insurance policy issued to her late-husband Sean Kroetz that was entered into in Chatsworth, California and improperly terminated by John Hancock. Mrs. Kroetz is a resident of Chatsworth, California.

17. John Hancock Life Insurance Company is an insurance company licensed to conduct the business of insurance in California. John Hancock is a Massachusetts corporation and is a unit of Manulife Financial Corporation, a Canada-based financial services company with principal operations in Asia, Canada and the United States.

### IV. FACTUAL ALLEGATIONS

18. In 2012, Assembly Bill 1747 was enacted and created Sections 10113.71 and 10113.72 of the California Insurance Code (the "Statutes").

19. The Statutes went into effect on January 1, 2013 (the "Effective Date") and established, among other things, notice and designation requirements for life insurance policies.

20. The mandates of the Statutes included the Designation Notice Requirement which required insurers to give their policyholders an annual opportunity to designate a third party to receive notice of a potential termination of benefits for non-payment of a premium on an annual basis.

21. Section 10113.71 (b)(1) states: "A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium."

22. Section 10113.72 (b) states: "The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. The policy owner may change the designation more often if he or she chooses to do so."

23. John Hancock has chosen to disregard the Statutes with respect to life insurance policies it issued or delivered in California prior to January 1, 2013.

24. In particular, John Hancock has disregarded the Designation Notice Requirements for insurance policies it issued or delivered in California prior to the Effective Date of the Statutes—January 1, 2013—even if the policies were renewed after the Effective Date.

25. As a result of John Hancock's disregard of the Designation Requirements of the Statutes, John Hancock has improperly terminated policies

and refused to pay out proceeds that are due and owing to the beneficiaries of such improperly terminated policies.

26. The policy issued by John Hancock to Mr. Kroetz—for which Plaintiff is the sole beneficiary—is one example.

27. On June 1, 2002, John Hancock issued a $1,000,000 "Individual Term Life Insurance" policy to Mr. Kroetz (Policy No. 075 146 326), a copy of which is attached hereto as Exhibit A (the "Policy").

28. Pursuant to the Policy, Mr. Kroetz was able to and had the option to renew the Policy for successive one-year periods by paying the renewal premium identified in the Policy until the expiration date of June 1, 2019. The Policy Anniversary was each June 1st of the year.

29. Mr. Kroetz made his premium payments for over 15 years, some after the Effective Date, and, as a result, the Policy renewed each year and coverage remained in force without interruption during that time. The annual premiums were $544.00 per year.

30. On August 10, 2017, John Hancock purportedly sent Mr. Kroetz a letter that advised that coverage under the Policy was being terminated for the alleged non-payment of the premiums. There is no evidence that Mr. Kroetz ever received the letter.

31. Mr. Kroetz died on October 17, 2017.

32. At no time prior to the termination did John Hancock provide Mr. Kroetz with the opportunity to designate a third party to receive notification of a pending termination as mandated by the Designation Notice Requirements of the Statutes.

33. Having failed to satisfy the Designation Notice Requirement, John Hancock, by extension, also failed to notify a third-party designee of Mr.

Kroetz's of the pending termination in violation of the Third-Party Notice Requirement of the Statutes.

34. After Mr. Kroetz's death, Mrs. Kroetz (the named beneficiary under the Policy and Mr. Kroetz's widow) contacted John Hancock and submitted a claim for benefits. John Hancock was specifically informed of the rulings in Bentley and Thomas.

35. John Hancock denied the claim, stating that no benefits were payable on the Policy.

36. As a result of the denial, Mrs. Kroetz has not received the proceeds from the Policy, which has caused Mrs. Kroetz to suffer considerable harm in an amount to be proven at the time of trial.

## V. CLASS ACTION ALLEGATIONS

37. Plaintiff brings this class action on behalf of herself and all persons and entities similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiff brings this action on behalf of the following class, which is subject to refinement based on information learned during discovery:

> "All beneficiaries who made a claim, or would have been eligible to make a claim, for the payment of benefits on life insurance policies renewed, issued or delivered by John Hancock Life Insurance Company ("John Hancock") in the State of California that lapsed or were terminated by John Hancock for the non-payment of premium after January 1, 2013, and as to which policies the notice or notices as described by Sections 10113.72(b) of the California Insurance Code (the Designation Notice Requirement") were not sent by John Hancock prior to lapse or termination." (hereinafter referred to as "Class")

As used in the class definition, the "notices described by Sections 10113.72(b) of the California Insurance Code" are:

(i) notice to the applicant of the opportunity to designate (with a form to make the designation by name, address and telephone number) at least one person, in addition to the applicant, to receive notice of lapse or termination of an individual life insurance policy for nonpayment of premium;

(ii) notice to the policy owner annually of the opportunity to change the written designation or designate one or more persons; and

(iii) notice (by first-class mail within 30 days after a premium is due and unpaid, at the address provided by the policy owner for purposes of receiving notice of lapse or termination) of pending lapse and termination of a life insurance policy to the named policy owner, a designee named for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

38. Excluded from the Class are: a) John Hancock; b) any entity in which John Hancock has a controlling interest; c) John Hancock's officers, directors, and employees; d) John Hancock's legal representatives, successors, and assigns; e) governmental entities; and f) the Court to which this case is assigned.

39. Members of Class are so numerous and geographically dispersed, throughout California and likely the United States, that joinder of all members is impracticable. On information and belief, the Class is readily identifiable from information and records in the John Hancock's possession.

40. Plaintiff's claims are typical of the claims of the members of the Class. The Plaintiff and all members of the Class were damaged by the same wrongful conduct of John Hancock, that is, *inter alia*, its failure to satisfy the Designation Notice Requirement and its breach of its insurance policies through its wrongful termination and non-payment of proceeds.

41. The Plaintiff will fairly and adequately protect and represent the interests of the Class. Having suffered the same injury from the same conduct of John Hancock, Plaintiff's interests are coincident with, and not antagonistic to, those of the other members of the Class.

42. Plaintiff's counsel in this matter are experienced in the prosecution of complex commercial class actions such as this one.

43. Questions of law and fact common to members of the Class predominate over questions that may affect only individual class members because, among other things, John Hancock has acted on grounds generally applicable to the entire Class, thereby making damages with respect to the Class as a whole appropriate. Such generally applicable conduct is inherent in John Hancock's wrongful conduct.

44. Questions of law and fact common to the Class include, but are not limited to:

- Whether the Designation Notice Requirement applied to John Hancock policies issued before the Effective Date but renewed after the Effective Date;
- Whether John Hancock has failed to satisfy the Designation Notice Requirements;
- Whether John Hancock violated the Statutes by not satisfying the Designation Notice Requirements;

- Whether John Hancock breached its life insurance policies by not satisfying the Designation Notice Requirements;

- Whether John Hancock breached its life insurance policies by terminating policies and not paying claims despite not satisfying the Designation Notice Requirements;

- The quantum of damages sustained by the Class in the aggregate.

45. Treatment of this dispute as a class action is a superior method for the fair and efficient adjudication of this matter over individual actions. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would require. In addition, class treatment will avoid the risk of inconsistency and varying adjudications.

46. The many benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practicably or cost effectively be pursued individually, substantially outweighs potential difficulties—which Plaintiff does not anticipate—in management of this case as a class action.

## VI. CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM
### (ON BEHALF OF THE CLASS)

47. Plaintiff refers to all preceding paragraphs and incorporates them as though set forth in full in this cause of action.

48. John Hancock issued life insurance policies, which were binding contracts, to the policyholders identified in the Class.

49. John Hancock breached the terms of such life insurance policies—including its policy with Mr. Kroetz, which Plaintiff, as beneficiary, has the right to enforce—by, *inter alia*, the following acts and/or omissions:

    a. Failing to timely invite the policyholders identified in the Class— including Mr. Kroetz - to designate a third party to receive termination notices for non-payment of a premium as required by the Designation Notice Requirement of the Statutes;

    b. Improperly terminating and refusing to pay benefits to the Class members—including Plaintiff—despite not satisfying the Designation Notice Requirements of the Statutes; and

    c. Failing to abide by the Statutes at all times after the Effective Date.

50. As a direct and proximate result of John Hancock's breaches of its life insurance policies, the Class—including Plaintiff—has sustained direct damages, as well as other foreseeable and incidental damages, in an amount to be determined according to proof at the time of trial, plus interest.

**SECOND CAUSE OF ACTION**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN INSURANCE POLICY**
**(ON BEHALF OF THE CLASS)**

51. Plaintiff refers to all preceding paragraphs and incorporates them as if set forth in full in this cause of action.

52. In every insurance policy there exists an implied duty of good faith and fair dealing that the insurance company will not do anything to injure the right of the insured to receive the full benefit of the policy.

53. John Hancock breached the duty of good faith and fair dealing it owed to the policy holders identified in the Class, including its policy with Mr. Kroetz, which Plaintiff has the right to enforce.

54. John Hancock breached its duty of good faith and fair dealing and engaged in bad faith by, inter alia, the following acts and/or omissions:

    a. Failing to timely invite the policyholders identified in the Class—including Mr. Kroetz—to designate a third party to receive termination notices for non-payment of a premium as required by the Designation Requirement of the Statutes;

    b. Failing to properly and lawfully notify the policyholders identified in the Class—including Mr. Kroetz—in writing that was going to terminate their life insurance policies within 30 days for non-payment of a premium as required by the 30-Day Notice Requirement of the Statutes;

    c. Failing to properly and lawfully notify a third-party designee of the policyholders identified in the Class—including Mr. Kroetz—about the impending and eventual termination of the subject policies for non-payment of a premium as required by the Third-Party Notice Requirement of the Statutes;

    d. Failing to abide by the Statutes at all times after the Effective Date; and

    e. Improperly terminating the respective policies and unreasonably refusing, without proper cause, to pay benefits to the Class members—including Plaintiff—despite not satisfying the Designation, 30 Day Notice and Third-Party Notice Requirements of the Statutes.

55. As a direct and proximate result of John Hancock's breaches of its duty of good faith and fair dealing, Plaintiff and the Class have sustained direct damages, as well as other foreseeable and incidental damages, in an amount to be determined according to proof at the time of trial, plus interest.

56. As a further direct and proximate result of the unreasonable, bad faith conduct of John Hancock, Plaintiff was compelled to retain legal counsel on behalf of herself and the Class to institute litigation to obtain the full and fair benefit of the insurance they are beneficiaries of, making John Hancock liable for those attorney fees, witness fees and litigation costs reasonably incurred in order to obtain the full benefit.

57. John Hancock's conduct described herein was intended to cause injury and/or was despicable conduct carried out with a willful and conscious disregard of the rights of the Class, including Plaintiff.

58. Said conduct subjected Plaintiff and Class to cruel and unjust hardship in conscious disregard of their rights and/or was an intentional misrepresentation, deceit or concealment of material facts known to John Hancock with the intent to deprive the Plaintiff and the Class of property, legal rights or to otherwise cause injury.

59. John Hancock's conduct constitutes malice, oppression or fraud under California Civil Code section 3294, and its decision to deny coverage was done with full knowledge that the Courts based on the long-standing Renewal Principle, had ruled that its legal position was not a justification to deny payment, thereby entitling the Class, including Plaintiff, to punitive damages in an amount appropriate to punish or set an example of John Hancock.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and each Class member, prays for relief and judgment as follows:

A. For certification of this matter as a Class Action pursuant to Federal Rule of Civil Procedure 23, and appointment of Plaintiff as a Class Representative and her counsel of record as Class Counsel;

B. For economic and foreseeable consequential damages, plus prejudgment interest, against Defendant John Hancock for breach of contract;

C. For an award of attorneys' fees and costs of suit pursuant to, *inter alia,* the Public Benefit Doctrine and California Code of Civil Procedure Section 1021.5 on the basis that private enforcement of these rights is necessary, and the interests Plaintiff seeks to protect significantly benefit the general public and/or pursuant to California Civil Code section 3294;

D. Prejudgment and post judgment interest; and

E. All other and further relief as this Honorable court deems just and proper.

**JURY DEMAND**

Plaintiff, on behalf of the Class, hereby demands a jury trial on all causes of action that can be heard by a jury

Respectfully submitted,

March 4, 2020                    HAGENS BERMAN SOBOL SHAPIRO LLP

BY: /s/ *Christopher Pitoun*
Christopher Pitoun (SBN 290235)

christopherp@hbsslaw.com
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

Jason A. Zweig (to be admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

David S. Klevatt (to be admitted *Pro Hac Vice*)
dklevatt@chicagolaw.biz
KLEVATT & ASSOCIATES, LLC
33 North LaSalle Street, Suite 2100
Chicago, IL 60602-2619
Telephone: (312) 782-9090

Joseph M. Vanek (to be admitted *Pro Hac Vice*)
jvanek@sperling-law.com
John P. Bjork (to be admitted *Pro Hac Vice*)
jbjork@sperling-law.com
SPERLING & SLATER, P.C.
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Telephone: (312) 641-3200

Tatiana Kadetskaya, Esq. (to be admitted *Pro Hac Vice*)
Kadetskaya Law Firm LLC
630 Freedom Business Center Drive
Third Floor, PMB 168
King of Prussia, PA 19406
Telephone: (856) 524-1157

*Attorneys for SILVINA KROETZ, on behalf of herself and all others similarly situated*