5. The new policy will be on a plan we make available for this option on the Option Date, which provides term insurance.

6. The premiums for the new policy will be based on the Insured's age, sex, Policy Class, and our premium rates in effect for that plan, on the Option Date.

7. Any rider or benefit in this policy is subject to availability.

8. We will pay for the required evidence of insurability.

If we do not receive satisfactory evidence of insurability, then you may elect to continue this coverage in accordance with Sections 2 and 7 of the policy.

### 13. EVIDENCE – This section authorizes us to obtain certain types of evidence under various circumstances.

We may require Due Proof of:

1. the death of any person which will result in proceeds being paid, or rights being transferred, under this policy;

2. the age and sex of any person on whose life a payment is based; and

3. the continued survival of any person on whose life a payment is based.

### 14. REDUCTION IN POLICY CLASS – This section offers you an opportunity to change your Policy Class, which would result in a more favorable premium schedule, if certain conditions are met.

You may request that we reduce your Policy Class if you are eligible. We will allow a reduction in Policy Class if we receive evidence satisfactory to us that your health has improved. A reduction in Policy Class will be subject to the following conditions:

1. You will be required to pay for any evidence we may need to establish your health.

2. Any evidence we may require must be provided by a Company approved medical examiner.

A new policy will not be issued. However, new Policy Specifications (Section 1) will be provided to you.

### 15. CLAIMS OF CREDITORS – This section advises you that creditors generally do not have access to the death benefit payable under this policy.

The proceeds and income payments under the policy will be exempt from the claims of creditors to the extent permitted by law. Such proceeds and payments may not be assigned or withdrawn before becoming payable without our agreement.

### 16. ASSIGNMENT – This section authorizes you to transfer your interest in this policy to another party.

Your interest in this policy may be assigned without the consent of any revocable Beneficiary. Your interest, any interest of the Insured, and any interest of a revocable Beneficiary shall be subject to the terms of the assignment.

We will not be on notice of any assignment unless it is in writing; nor will we be on notice until a duplicate of the original assignment has been filed at our Home Office. We assume no responsibility for the validity or sufficiency of any assignment.

### 17. CONTESTABILITY – This section authorizes us to dispute a claim for payment within a certain period of time.

We rely on the statements made in the Application for this policy. We also rely on statements made in any Supplemental Application or request for a change of this policy. In the absence of fraud, such statements are deemed representations and not warranties. In addition to the other reasons permitted by law, we can contest the validity of: (i) this policy; (ii) any reduction in rate class; (iii) any reinstatement of this policy; or (iv) any supplemental benefit or rider added, if:

a. any material misrepresentation of fact is made in the Application, a Supplemental Application, or a request; and

b. a copy of that Application, Supplemental Application, or request is attached to this policy when issued or delivered or is later made a part of this policy.

10

---

Except any p
validity of th
Issue. With r
supplementa
after they ha
validity of th

### 18. MISSTA
or sex.

If the age o
benefit to th

### 19. SUICIDE
policy.

If the Insure
place of all

### 20. THE C

The writte
and us con
changes m
statement
warranties
policy unle

Policy Yea

Any refere
Office.

Changes
President
any of the

Descriptio
are set fo
construed



Except any provision for a disability benefit, or except in the case of fraud, we will not contest the validity of this policy after it has been in full force, during the Insured's life, for 2 years from the Date of Issue. With respect to: (i) a reduction in rate class; (ii) any reinstatement of this policy; or (iii) any supplemental benefit or rider added, we will not contest the validity of the change or reinstatement after they have been in effect, during the Insured's life, for 2 years. However, we can always contest the validity of this policy for the non-payment of any premium due.

**18. MISSTATEMENT OF AGE OR SEX** – This section addresses the effect of misstating your age or sex.

If the age or sex of the Insured has been misstated, we will adjust the Sum Insured and every other benefit to that which the premiums paid would have purchased for the Insured's correct age or sex.

**19. SUICIDE** – This section addresses the effect of suicide on the benefits payable under this policy.

If the Insured commits suicide, while sane or insane, within 2 years from the Date of Issue, we will pay in place of all other benefits an amount equal to the premiums paid.

**20. THE CONTRACT** – This section describes what constitutes the entire contract between us.

The written application for the policy is attached at issue. The entire contract between the applicant and us consists of the policy and such application. However, additional written applications for policy changes may be submitted to us after issue and such applications may become part of the policy. All statements made in the application shall, in the absence of fraud, be deemed representations and not warranties. We will use no statement made by or on behalf of the Insured to defend a claim under the policy unless it is in the written application.

Policy Years, policy months, and policy anniversaries are measured from the Date of Issue.

Any reference in this policy to a date means a calendar day ending at midnight local time at our Home Office.

Changes in this policy may be made by agreement between you and us. Only the President, a Vice President, and the Secretary of the Company has authority to waive or agree to change in any respect any of the conditions or provisions of the policy, or to extend or to make an agreement for us.

Descriptions of each section of this policy which appear immediately beside the title of each section and are set forth in boldface type have been inserted for convenience of reference only, and shall not be construed to affect the meaning, construction, or effect of the policy terms.

**21. SETTLEMENT OPTIONS** – When a death benefit becomes payable under this policy, this section addresses various payment options that we make available.

**OPTIONAL METHODS OF SETTLEMENT**

In place of a single payment, an amount of $1,000 or more payable under the policy as a benefit or as the surrender value, if any, may be left with us, under the terms of a supplementary agreement. The agreement will be issued when the proceeds are applied through the choice of any one of the options below. We shall annually declare the rate of interest or amount of payment for each option.

**Option 1** – Interest Income at the declared rate but not less than 3½% a year on proceeds held on deposit. The proceeds may be paid or withdrawn in whole or in part at any time as elected.

**Option 2A** – Income of a Specified Amount, with payments each year of at least 1/12th of the proceeds, until they are paid in full. We will credit interest on unpaid balances at the declared rate but not less than 3½% a year.

**Option 2B** – Income for a Fixed Period, with each payment as declared but not less than that shown in the Table for Option 2B.

**Option 3** – Life Income with Payments for a Guaranteed Period, with each payment as declared but not less than that shown in the Table for Option 3. If the payee dies within that period, we will pay the present value of those remaining payments. We will use interest at the same rate used to determine the payments for this value.

**Option 4** – Life Income without Refund at the death of the payee of any part of the proceeds applied. The amount of each payment shall be as declared but not less than that shown in the Table for Option 4.

**Option 5** – Life Income with Cash Refund at the death of the payee of the amount, if any, equal to the proceeds applied less the sum of all income payments made. The amount of each payment shall be as declared but not less than that shown in the Table for Option 5.

You may choose an option by written notice during the lifetime of the Insured. The choice must be made before the proceeds become payable. If you have made no effective choice, the payee may make one by written notice within: (a) 6 months after the Insured's death; or (b) 2 months after the date on which the proceeds, if any, are payable in any case except death.

No choice of an option may provide for income payments of less than $50. The first payment will be payable as of the date the proceeds are applied, except that under Option 1 it will be payable at the end of the first payment interval.

The payee under an option shall be as set forth in Section 5.

No option may be chosen without our consent if the proceeds are payable: (1) in any case, except death, before the policy has been in full force on the same plan for at least 5 years; or (2) in any case to an executor, administrator, trustee, corporation, partnership, association, or assignee.

The payee may, by written notice, name and change a contingent payee to receive any final amount that would otherwise be payable to the payee's estate.

Table for Settlement Options 2B, 3, 4 and 5

(Monthly payments for each $1000 of proceeds applied)

| OPTION 2B Income for a Fixed Period | | Age of Payee on Birthday Nearest Date of First Payment | OPTION 3 Life Income with Guaranteed Period | | OPTION 4 Life Income without Refund | OPTION 5 Life Income with Cash Refund |
|---|---|---|---|---|---|---|
| Period of Years | Payment | | 10 Years | 20 Years | | |
| 1 | 84.46 | 40 | 3.53 | 3.50 | 3.54 | 3.46 |
| 2 | 42.86 | 41 | 3.57 | 3.54 | 3.58 | 3.50 |
| 3 | 28.99 | 42 | 3.62 | 3.58 | 3.63 | 3.54 |
| 4 | 22.06 | 43 | 3.66 | 3.62 | 3.68 | 3.58 |
| 5 | 17.91 | 44 | 3.77 | 3.66 | 3.73 | 3.62 |
| 6 | 15.14 | 45 | 3.76 | 3.71 | 3.78 | 3.66 |
| 7 | 13.16 | 46 | 3.82 | 3.75 | 3.83 | 3.71 |
| 8 | 11.68 | 47 | 3.87 | 3.80 | 3.89 | 3.75 |
| 9 | 10.53 | 48 | 3.93 | 3.85 | 3.95 | 3.80 |
| 10 | 9.61 | 49 | 3.99 | 3.90 | 4.02 | 3.85 |
| 11 | 8.86 | 50 | 4.05 | 3.95 | 4.08 | 3.91 |
| 12 | 8.24 | 51 | 4.12 | 4.01 | 4.15 | 3.96 |
| 13 | 7.71 | 52 | 4.19 | 4.06 | 4.22 | 4.02 |
| 14 | 7.26 | 53 | 4.26 | 4.12 | 4.30 | 4.08 |
| 15 | 6.87 | 54 | 4.34 | 4.18 | 4.38 | 4.15 |
| 16 | 6.53 | 55 | 4.42 | 4.24 | 4.47 | 4.21 |
| 17 | 6.23 | 56 | 4.50 | 4.31 | 4.56 | 4.28 |
| 18 | 5.96 | 57 | 4.59 | 4.37 | 4.66 | 4.36 |
| 19 | 5.73 | 58 | 4.69 | 4.44 | 4.76 | 4.44 |
| 20 | 5.51 | 59 | 4.79 | 4.50 | 4.87 | 4.52 |
| 21 | 5.32 | 60 | 4.89 | 4.57 | 4.99 | 4.60 |
| 22 | 5.15 | 61 | 5.00 | 4.64 | 5.11 | 4.69 |
| 23 | 4.99 | 62 | 5.12 | 4.71 | 5.25 | 4.78 |
| 24 | 4.84 | 63 | 5.24 | 4.77 | 5.39 | 4.88 |
| 25 | 4.71 | 64 | 5.37 | 4.84 | 5.54 | 4.99 |
| 26 | 4.59 | 65 | 5.50 | 4.91 | 5.70 | 5.09 |
| 27 | 4.47 | 66 | 5.64 | 4.97 | 5.87 | 5.21 |
| 28 | 4.37 | 67 | 5.79 | 5.03 | 6.06 | 5.33 |
| 29 | 4.27 | 68 | 5.94 | 5.09 | 6.26 | 5.46 |
| 30 | 4.18 | 69 | 6.10 | 5.14 | 6.47 | 5.59 |
| Annual, Semi-annual or quarterly payments under Option 2B are 11.839, 5.963 and 2.993 respectively times the monthly payments. | | 70 | 6.27 | 5.19 | 6.69 | 5.73 |
| | | 71 | 6.44 | 5.24 | 6.94 | 5.88 |
| | | 72 | 6.61 | 5.28 | 7.20 | 6.04 |
| | | 73 | 6.79 | 5.32 | 7.48 | 6.20 |
| | | 74 | 6.98 | 5.36 | 7.79 | 6.38 |
| | | 75 | 7.16 | 5.38 | 8.11 | 6.56 |
| | | 76 | 7.35 | 5.41 | 8.47 | 6.75 |
| | | 77 | 7.54 | 5.43 | 8.84 | 6.96 |
| | | 78 | 7.72 | 5.45 | 9.25 | 7.17 |
| | | 79 | 7.91 | 5.46 | 9.69 | 7.39 |
| | | 80 | 8.08 | 5.48 | 10.17 | 7.64 |
| | | 81 | 8.25 | 5.49 | 10.68 | 7.88 |
| | | 82 | 8.41 | 5.49 | 11.23 | 8.13 |
| | | 83 | 8.56 | 5.50 | 11.82 | 8.43 |
| | | 84 | 8.71 | 5.50 | 12.46 | 8.70 |
| | | 85 & over | 8.83 | 5.51 | 13.14 | 8.99 |

Options 3, 4 and 5 are available only at the ages as shown.

13

P1398L

 FINANCIAL SERVICES

To cancel or surrender your life insurance policy you must provide written notice to us. The notice must contain at least all of the following:

1) An unequivocal request to cancel or surrender.
2) The policy number to be canceled or surrendered.
3) The insured's name on the policy to be canceled or surrendered.
4) The policyowner's signature and, if required by the policy or by a legally binding document of which we have actual notice, the signature of a collateral assignee, irrevocable beneficiary, or other person having an interest in the policy through the legally binding document.
5) Either the policy itself, or, in lieu of the policy, a statement that the policy itself has been lost or destroyed.

# Application for Term Life Insurance

*John Hancock.*

**This application is to:**   ☒ John Hancock Life Insurance Company or
(Check One)   ☐ John Hancock Variable Life Insurance Company,
which will sometimes hereinafter be referred to as "the Company" or "John Hancock."

**Instructions:**
1. Please print all answers legibly in black ink.
2. Any change or deletion must be initialed by the Proposed Insured or Applicant.
3. Part B must be completed on the Proposed Insured unless a medical examination is required.

Any person who with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement may be guilty of insurance fraud.

**Part A Statements to the Company's Agent**

Please print

## A. PROPOSED INSURED

1.   STEAN _____ E _____ KROETZ _____
First Name   Middle Initial   Last Name

2. Sex: ☒ Male ☐ Female   3. Date of Birth 12/22/63   4. Place of Birth FLORIDA
State/Country, if not U.S.A.

5. Driver License Number: C6017873 State CA

6. Soc. Sec. Number 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   7. Height 5 ft. 7½ in.   8. Weight 155 lbs.

9. Occupation CORP RECRUITER   Military Grade (if applicable) _____

10. Address 19840 LASSEN ST   CHATSWORTH   CA   91311
Street Address   City   State   Zip

11. Home Phone (818) 727-7742   12. Work Phone (818) 718-2984   9AM - 3PM BUSINESS

13. Best time and place for Underwriting to call (in Proposed Insured's local time zone) _____

14. Does the Proposed Insured smoke cigarettes or use any other tobacco product, i.e., cigars, pipes, snuff, chewing tobacco, etc.? ☐ Yes ☒ No   If Yes, product and frequency? _____
If No, is the Proposed Insured a former smoker? ☐ Yes ☒ No If Yes, product and date last used: _____

## B. BENEFICIARY  Please indicate full name and relationship to the Proposed Insured. (please print)

SILVINA KROETZ, WIFE

Proceeds at death of the Proposed Insured shall be paid as provided in the applicable Benefit provision.
The right is reserved to the Owner, prior to the Insured's death, to change the Beneficiary as to any proceeds.

## C. COMPLETE THIS SECTION ONLY IF OWNER IS NOT THE PROPOSED INSURED

1.   _____   _____   _____
(Owner name or name of trust)   Last   First   Middle Initial
(If more space is needed, use Special Request box on page 2 and check here ☐)

3. Occupation _____

2. Soc. Sec. Number or Tax ID number _____   5. Date of Birth ___ / ___ / ___

4. Relationship to Proposed Insured _____

6. Address _____
Street Address   City   State   Zip

**E. SUM INSURED** $ 1,000,000

## D. PLAN

☐ 10 ☒ 15 ☐ 20 ☐ 25 ☐ 30  Year Level Premium Term
☐ Indeterminate Premium Yearly Renewable Term: Level
☐ Indeterminate Premium Yearly Renewable Term: Decreasing
Interest Rate _____ %; Term _____ years

## F. RIDERS

☐ Disability Waiver of Premium
☐ Accidental Death Benefit $ _____
☐ Living Care Benefit
☐ Other _____

## G. PAYMENT DETAILS

☒ Annual ☐ Semiannual ☐ Quarterly ☐ Employee Consultation (Case # _____ )   ☐ Monthly/Military Allotment
☐ Monthly (automatic deduction)*   (*Please attach voided check)
Transit Routing Number _____   Bank Account Number _____   EFTS Transfer Code _____
Signature(s) of Depositor(s) _____

Page 1

156-TERM-98CA

## H. UNDERWRITING INFORMATION

Part A Statements to the Company's Agent

1. Has the Proposed Insured done in the past three years, or intend to do any:

   a. flying, except as a passenger on regularly scheduled airlines?
   (If yes, please complete aviation questionnaire.) — ☐ Yes ☒ No

   b. skin/scuba diving, parachuting, motorized racing, or other hazardous sports?
   (If yes, please complete avocation questionnaire.) — ☐ Yes ☒ No

2. In the past five years, has the Proposed Insured been convicted of reckless driving or driving under the influence or had a driving license suspended or revoked? — ☐ Yes ☒ No

3. In the past three years, has the Proposed Insured been convicted of two or more motor vehicle moving violations? — ☐ Yes ☒ No

4. In the past 10 years, has the Proposed Insured been convicted of or incarcerated for the violation of any criminal law (unless later acquitted), are any criminal charges now pending against the Proposed Insured, or is the Proposed Insured currently on probation? — ☐ Yes ☒ No

5. Does the Proposed Insured intend to reside or travel outside the U.S. or Canada? — ☐ Yes ☒ No

If any of questions 2 — 5 are answered "yes", please explain: _____

## I. OTHER INSURANCE/REPLACEMENT INFORMATION

1. Give information indicated as to all insurance in force on the Proposed Insured.

| Company | Issue Year | Plan | Amount | ADB Amount | Business Insurance? |
|---|---|---|---|---|---|
| NONE | | | | | ☐ Yes ☐ No |
| | | | | | ☐ Yes ☐ No |

2. Is any other insurance application now pending or contemplated on the life of the Proposed Insured? — ☐ Yes ☒ No
   What company(ies)/amounts? _____

3. Is the insurance applied for intended to replace or change any life insurance or annuity now in force on the Proposed Insured? (If yes, give writing company of insurance being replaced, policy number, and insurance amount.) — ☐ Yes ☒ No

| Company | Policy # | Amount |
|---|---|---|
| Company | Policy # | Amount |

4. Has any application for life, disability, or health insurance on the Proposed Insured ever been declined, postponed, or modified? — ☐ Yes ☒ No
   (If yes, give most recent company, including John Hancock) _____
   Company     Approximate Date

## J. PLEASE COMPLETE THIS BOX ONLY IF ADVANCE PAYMENT IS BEING MADE

How much advance payment is included with this Part A? $ _____
(Write check to John Hancock Life or John Hancock Variable Life, as appropriate.)

## K. SPECIAL REQUESTS (Please record any additional details on a separate piece of paper.)

_____

Part B Statements to the Company's Agent

## COMPLETE FOR NON-MEDICAL APPLICATIONS ONLY

Please give full details below for every "Yes" answer to Questions 1- 6 as to the "Proposed Insured". Be sure to include the names/address of any treatment providers.

1. Has the Proposed Insured ever been treated for or to the best of his or her knowledge had any known indication of disease of the heart or blood vessels, chest pain or high blood pressure, stroke or paralysis, diabetes, tumor, cancer, convulsions, kidney disease, gastro-intestinal disease, mental or psychiatric disorder, lung or respiratory disease, high cholesterol or blood disorder (not including HIV)? — ☐ Yes ☒ No

2. Has the Proposed Insured had or ever been diagnosed or treated by a physician or other medical practitioner for Acquired Immune Deficiency Syndrome (AIDS)? — ☐ Yes ☒ No

3. Within the past 5 years has the Proposed Insured received counseling or treatment regarding the use of alcohol, drugs, illegal drugs or used any illegal drug or controlled substance? — ☐ Yes ☒ No

Page 2 CA

TERM-98

**Part B Statements to the Company 's Agent**

**COMPLETE FOR NON-MEDICAL APPLICATIONS ONLY continued**

4. Other than the above, within the past 5 years has the Proposed Insured
   a) been admitted to a hospital or other medical or rehabilitation facility? ☐ Yes ☐ No
   b) consulted or been treated by a physician, or had a medical exam or checkup? ☐ Yes ☐ No

5. Has either parents of the Proposed Insured died as a result of coronary artery disease or cancer before the age of 60? ☐ Yes ☐ No

6. Has any of the Proposed Insured 's siblings suffered from coronary artery disease? ☐ Yes ☐ No

7. Is the Proposed Insured currently taking any prescription medication(s)? ☐ Yes ☐ No
   If yes, what medication(s) _____ How frequently? _____

8. If the Proposed Insured has a personal physician, please enter name, address and details below. Otherwise leave blank.

| First Name | | MI | | Last Name |
|---|---|---|---|---|
| Street Address | | City | State | Zip Code |
| Date last seen | | Reason(s) last seen | | |

| Details to "yes" answers. Question No. _____ | Question No. _____ |
|---|---|
| Condition _____ | Condition _____ |
| Date of Onset _____ Last occurrence _____ | Date of onset _____ Last occurrence _____ |
| Treatment/medication, if any _____ | Treatment/medication, if any _____ |
| Names/address of physicians/hospitals providing treatment | Names/address of physicians/hospitals providing treatment |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Please record any additional details on a separate piece of paper.**     **Statements to Company 's Agent**

**TO BE COMPLETED IN EVERY CASE. DO NOT DETACH.**

**Authorization and Acknowledgment**

I hereby authorize any medical practitioner, hospital, clinic, or other medically related facility, insurance company, consum er reporting agency, or the Medical Information Bureau to give to the Companyor tis reinsurer(s) any such information, including informat ion concerning every condition for which each has been under observation or treatment, including information related to treatment for drug and/or alcohol abuse or for psychiatric and/or mental conditions, the history obtained, physical and laboratory findings, diagn osis and treatment.

I acknowledge receipt of the Federal Fair Credit Reporting Act notice which contains on the reverse side a notice concerning th e Medical Information Bureau. A copy of this authorization is as valid as the original. This authorization is valid for 24 months from th e date of the Proposed Insured's signature.

X _Sean E. Kroetz_ (signature)

Signature of Proposed Insured

Date: 5-10 .08

_SEAN E. KROETZ_

Name of Proposed Insured (please print)

**SUITABILITY (required in all cases)**

Indicate here if information is completed on other than Proposed Insured: ☒ Applicant ☐ Payer ☐ Owner ☐ Other_____

1. Check the Proposed Insured's marital status: ☐ a. Married ☐ b. Single ☐ c. Widowed ☐ d. Divorced

2. Number of Dependents: 4   Age of Dependents: 10, 9, 7

3. What is your approximate household income? $ 70,000

4. Indicate the purpose of the death benefit of this Life Insurance policy (Check all that apply):
   ☒ Replace Family Income ☒ Provide for Mortgage or Debt Liquidation
   ☐ Insure College Fund ☐ Other Purpose: _____

5. Do you understand that you are purchasing term life insurance, which does not accumulate a cash surrender value? ☒ Yes ☐ No

I decline to provide the above suitability information. I understand this may affect the Company's willingness to offer the amount of coverage applied for. I accept responsibility for the appropriateness of the type of policy I am buying and its suitability to my circumstances.

☒ Applicant ☐ Payer ☐ Owner ☐ Other_____

Signature: _____

Page 3 CA

TERM-98

*John Hancock* **VARIABLE LIFE INSURANCE COMPANY**   John Hancock Place
Boston, Massachusetts 02117

INSURED SEAN E KROETZ

PLAN LEVEL BENEFIT TERM LIFE

POLICY NUMBER 75 146 326

$1,000,000 **SUM INSURED**

JUNE 1, 2059 **EXPIRY DATE**

JUNE 1, 2002 **DATE OF ISSUE**

## INDIVIDUAL TERM LIFE INSURANCE

The John Hancock Variable Life Insurance Company (the "Company") agrees, subject to the conditions and provisions of this policy, to pay the Sum Insured to the Beneficiary if the Insured's death occurs before the Expiry Date while the policy is in full force, and to provide the other benefits, rights, and privileges of the policy.

Payment will be made on receipt at the Home Office of the Company in Boston, Massachusetts, of due proof of the Insured's death.

The policy, which includes any Riders which are a part of the policy on delivery, is issued in consideration of the application and the payment of the premiums.

The Policy Specifications (Section 1) and the conditions and provisions on this and following pages are part of the policy.

**10 Day Right of Examination – This policy may be returned by delivering or mailing it within 10 days after its receipt to the Company at Boston, Massachusetts, or to the agent or agency office through which it was delivered. Immediately on such delivery or mailing, the policy shall be deemed void from the beginning. Any premium paid on it will then be refunded.**

Signed for the Company at Boston, Massachusetts.

*Michele G. Van Leer*
President

*Peter Scavongelli*
Secretary

If this policy is in full force:

Proceeds are payable at the Insured's death prior to the Expiry Date; and
Premiums are payable during the lifetime of the Insured until the Expiry Date.
Premiums vary by Policy Year as shown in the Table of Rates (Section 2).
Premiums can be changed in accordance with the Change of Premium Section (Section 7).

**TERM LIFE INSURANCE TO AGE 95—CONVERTIBLE TO AGE 65 OR TO THE 5TH POLICY ANNIVERSARY, IF LATER**
**ELIGIBLE FOR DIVIDENDS**

98TERM

V0198L

**Policy Provisions**

**Section**

1. Policy Specifications
2. Table of Rates
3. Definitions
4. Proceeds
5. Owner, Benificiary
6. Premium Payments
7. Change of Premium
8. Grace Period
9. Dividends
10. Reinstatement
11. Conversion Provision
12. Option to Change to a New Term Policy
13. Evidence
14. Reduction in Policy Class
15. Claims of Creditors
16. Assignment
17. Contestability
18. Misstatement of Age or Sex
19. Suicide
20. The Contract
21. Settlement Options

## 1. POLICY SPECIFICATIONS

The Owner and Beneficiary are as elected in the application subject to Section 5 of the policy.

| | | | |
|---|---|---|---|
| **INSURED** | SEAN E KROETZ | **ISSUE AGE** | 38 |
| **POLICY CLASS** | SUPER PREFERRED NON TOBACCO, MALE | | |
| **DATE OF ISSUE** | JUNE 1, 2002 | **POLICY NO.** | 75 146 326 |
| **GUARANTEE PERIOD** | THROUGH MAY 31, 2017 | **SUM INSURED** | $1,000,000 |
| **OPTION DATE** | JUNE 1, 2017 | | |
| **LAST CONVERSION DATE** | JUNE 1, 2029 | | |
| **EXPIRY DATE** | JUNE 1, 2059 | | |

| SCHEDULE OF BENEFITS | | |
|---|---|---|
| **POLICY BENEFITS** | **COVERAGE AMOUNT** | **FIRST POLICY YEAR ANNUAL PREMIUM** |
| TERM LIFE INSURANCE TO AGE 95 | $1,000,000 | $640.00 |

A FIRST YEAR DISCOUNT OF $96.00 WILL BE GRANTED IF THE ANNUAL PREMIUM IS PAID IN ONE PAYMENT.

"Current Annual Premium After First Policy Year" and "Maximum Annual Premium After First Policy Year" are shown in the Table of Rates Section (Section 2).

## 2. TABLE OF RATES
### A. CURRENT ANNUAL PREMIUM AFTER FIRST POLICY YEAR:

| POLICY YEAR | AGE | TERM LIFE INSURANCE PREMIUM | TOTAL ANNUAL PREMIUMS |
|---|---|---|---|
| | | | $640.00 |
| | | | $640.00 |
| | | | $640.00 |
| 2003 | 39 | $640.00 | $640.00 |
| 2004 | 40 | $640.00 | $640.00 |
| 2005 | 41 | $640.00 | $640.00 |
| 2006 | 42 | $640.00 | $640.00 |
| 2007 | 43 | $640.00 | $640.00 |
| 2008 | 44 | $640.00 | $640.00 |
| 2009 | 45 | $640.00 | $640.00 |
| 2010 | 46 | $640.00 | $640.00 |
| 2011 | 47 | $640.00 | $640.00 |
| 2012 | 48 | $640.00 | $640.00 |
| 2013 | 49 | $640.00 | $640.00 |
| 2014 | 50 | $640.00 | |
| 2015 | 51 | $640.00 | |
| 2016 | 52 | $640.00 | |
| | | | $8,810.00 |
| 2017 | 53 | $8,810.00 | $9,660.00 |
| 2018 | 54 | $9,660.00 | $10,580.00 |
| 2019 | 55 | $10,580.00 | $11,590.00 |
| 2020 | 56 | $11,590.00 | $12,640.00 |
| 2021 | 57 | $12,640.00 | $13,800.00 |
| 2022 | 58 | $13,800.00 | $15,090.00 |
| 2023 | 59 | $15,090.00 | $16,560.00 |
| 2024 | 60 | $16,560.00 | $18,250.00 |
| 2025 | 61 | $18,250.00 | $20,220.00 |
| 2026 | 62 | $20,220.00 | $23,530.00 |
| 2027 | 63 | $23,530.00 | $28,140.00 |
| 2028 | 64 | $28,140.00 | $33,060.00 |
| 2029 | 65 | $33,060.00 | $39,120.00 |
| 2030 | 66 | $39,120.00 | $45,400.00 |
| 2031 | 67 | $45,400.00 | |
| 2032 | 68 | $52,900.00 | $52,900.00 |
| 2033 | 69 | $59,590.00 | $59,590.00 |
| 2034 | 70 | $65,800.00 | $65,800.00 |
| 2035 | 71 | $72,950.00 | $72,950.00 |
| 2036 | 72 | $75,900.00 | $75,900.00 |
| 2037 | 73 | $78,710.00 | $78,710.00 |
| 2038 | 74 | $82,390.00 | $82,390.00 |
| 2039 | 75 | $86,780.00 | $86,780.00 |
| 2040 | 76 | $91,200.00 | $91,200.00 |
| 2041 | 77 | $98,340.00 | $98,340.00 |

2. TABLE OF RATES, (continued)

A. CURRENT ANNUAL PREMIUM AFTER FIRST POLICY YEAR, (continued):

| POLICY YEAR | AGE | TERM LIFE INSURANCE PREMIUM | TOTAL ANNUAL PREMIUMS |
|---|---|---|---|
| 2042 | 78 | $107,110.00 | $107,110.00 |
| 2043 | 79 | $117,800.00 | $117,800.00 |
| 2044 | 80 | $129,860.00 | $129,860.00 |
| 2045 | 81 | $143,650.00 | $143,650.00 |
| 2046 | 82 | $159,660.00 | $159,660.00 |
| 2047 | 83 | $178,130.00 | $178,130.00 |
| 2048 | 84 | $198,700.00 | $198,700.00 |
| 2049 | 85 | $220,980.00 | $220,980.00 |
| 2050 | 86 | $246,370.00 | $246,370.00 |
| 2051 | 87 | $272,660.00 | $272,660.00 |
| 2052 | 88 | $299,780.00 | $299,780.00 |
| 2053 | 89 | $327,830.00 | $327,830.00 |
| 2054 | 90 | $357,130.00 | $357,130.00 |
| 2055 | 91 | $387,550.00 | $387,550.00 |
| 2056 | 92 | $420,480.00 | $420,480.00 |
| 2057 | 93 | $457,790.00 | $457,790.00 |
| 2058 | 94 | $505,380.00 | $505,380.00 |

Current Annual Premiums shown will be subject to change in accordance with the Change of Premium Section (Section 7). The Current Annual Premium after any change can never exceed the Ma...

4A

TABLE OF RATES, (continued)

MAXIMUM ANNUAL PREMIUM AFTER FIRST POLICY YEAR:

| AGE | TERM LIFE INSURANCE PREMIUM | TOTAL ANNUAL PREMIUMS |
|---|---|---|
| 39 | $640.00 | |
| 40 | $640.00 | |
| 41 | $640.00 | $640.00 |
| 42 | $640.00 | $640.00 |
| 43 | $640.00 | $640.00 |
| 44 | $640.00 | $640.00 |
| 45 | $640.00 | $640.00 |
| 46 | $640.00 | $640.00 |
| 47 | $640.00 | $640.00 |
| 48 | $640.00 | $640.00 |
| 49 | $640.00 | $640.00 |
| 50 | $640.00 | $640.00 |
| 51 | $640.00 | $640.00 |
| 52 | $640.00 | $640.00 |
| 53 | $12,590.00 | $12,590.00 |
| 54 | $13,800.00 | $13,800.00 |
| 55 | $15,120.00 | $15,120.00 |
| 56 | $16,550.00 | $16,550.00 |
| 57 | $18,060.00 | $18,060.00 |
| 58 | $19,720.00 | $19,720.00 |
| 59 | $21,550.00 | $21,550.00 |
| 60 | $23,650.00 | $23,650.00 |
| 61 | $26,070.00 | $26,070.00 |
| 62 | $28,890.00 | $28,890.00 |
| 63 | $32,180.00 | $32,180.00 |
| 64 | $35,920.00 | $35,920.00 |
| 65 | $40,090.00 | $40,090.00 |
| 66 | $44,460.00 | $44,460.00 |
| 67 | $49,140.00 | $49,140.00 |
| 68 | $54,140.00 | $54,140.00 |
| 69 | $59,590.00 | $59,590.00 |
| 70 | $65,800.00 | $65,800.00 |
| 71 | $72,950.00 | $72,950.00 |
| 72 | $81,290.00 | $81,290.00 |
| 73 | $91,020.00 | $91,020.00 |
| 74 | $101,990.00 | $101,990.00 |
| 75 | $113,970.00 | $113,970.00 |
| 76 | $126,000.00 | $126,000.00 |
| 77 | $139,050.00 | $139,050.00 |

TABLE OF RATES, (continued)

MAXIMUM ANNUAL PREMIUM AFTER FIRST POLICY YEAR (continued):

### TERM LIFE INSURANCE PREMIUM

| AGE | | TOTAL ANNUAL PREMIUMS |
|-----|-----|-----|
| 78 | $153,010.00 | |
| 79 | $168,290.00 | |
| 80 | $185,510.00 | $153,010.00 |
| 81 | $205,210.00 | $168,290.00 |
| 82 | $228,080.00 | $185,510.00 |
| | | $205,210.00 |
| 83 | $254,470.00 | $228,080.00 |
| 84 | $283,850.00 | |
| 85 | $315,690.00 | $254,470.00 |
| 86 | $351,960.00 | $283,850.00 |
| 87 | $389,520.00 | $315,690.00 |
| 88 | $428,260.00 | $351,960.00 |
| 89 | $468,330.00 | $389,520.00 |
| 90 | $510,190.00 | $428,260.00 |
| 91 | $553,640.00 | $468,330.00 |
| 92 | $600,680.00 | $510,190.00 |
| 93 | $653,980.00 | $553,640.00 |
| 94 | $721,970.00 | $600,680.00 |
| | | $653,980.00 |
| | | $721,970.00 |

"...on in question at his or her birthday nearest that

"Application" means the application for this policy attached to and made a part of this policy.

"Beneficiary" means the party(s) so named in the application, unless later changed as provided in this policy.

"Date of Issue" means the date shown in the Policy Specifications (Section 1). The Suicide and Contestability provisions use this date.

"Due Proof" means reasonable information as to the existence of a fact or condition.

"In full force" means that the policy has not lapsed in accordance with the Grace Period provision (Section 8).

"Insured" means the person whose life is insured under this policy as shown in the Policy Specifications (Section 1).

"Policy Anniversary" means the same day and month as the Date of Issue for each succeeding year this policy remains in full force.

"Policy Class" means the mortality or morbidity classifications assigned under this policy.

"Policy Specifications" means the pages of this policy so titled (see Section 1) which show your benefits, premium and other information.

"Policy Year" means a one year period of time starting on successive Policy anniversaries, with the first Policy Year starting on the Date of Issue.

"Request" means a request in writing on a form acceptable to us, signed by you and received by us.

"Sum Insured" means the amount shown in the Policy Specifications (Section 1).

"Supplemental Application" means a request for reinstatement of or a change to this policy.

"We, Our, Ours, Us" means the Company, Boston, Massachusetts 02117.

"Written notice" means, unless otherwise stated, a written notice filed at our Home Office in Boston, Massachusetts.

"You, Your, Yours" means the party(s) named as Owner in the application unless later changed as provided in this policy.

### 4. PROCEEDS – This section concerns the death benefit that is payable under this policy.

The proceeds are subject to adjustment under the Suicide and Misstatement of Age or Sex provisions (Section 18). The amount of proceeds as defined below is subject to all provisions of this policy. The proceeds payable on the death of the Insured are equal to:

1. the Sum Insured; plus
2. any supplemental benefits and riders payable on the life of the Insured; plus
3. any advanced premium deposits which are paid past the current payment period; less
4. any premium needed as set forth in the Grace Period provision (Section 8).

We will pay interest on proceeds paid in one sum in the event of the Insured's death from the date of death to the date of payment. The rate will be the same as declared for Option 1, Settlement Options (Section 21).

### 5. OWNER, BENEFICIARY – This section indicates who is entitled to the death benefit under this policy.

The Owner and the Beneficiary will be as shown in the application unless you change them.

You shall have the sole and absolute power to exercise all rights and privileges without the consent of any other person unless you provide otherwise by written notice.

If the Insured dies and there is no surviving Beneficiary, you will be the Beneficiary; but if you were the Insured, your estate will be the Beneficiary.

While the Insured is alive, you may change the Owner and Beneficiary by written notice. A change will take effect when the notice is signed if we acknowledge receipt on the notice. The change will take effect whether or not you or the Insured is then alive. A change shall be subject to the rights of any assignee of record with us and subject to any payment made or other action taken by us before we acknowledged receipt.

### 6. PREMIUM PAYMENTS – This section informs you of our rules regarding payment of premiums.

Premiums are payable as shown on page 3. They may be paid at more frequent intervals in accordance with our published rates and requirements in effect at the Date of Issue. Each premium is due on the first day of its interval of premium payment. For the first premium, this day is the Date of Issue.

Payment of premiums shall be made either to us at our Home Office or to an agent authorized to receive the payment. Receipts will be delivered on request in exchange for premium payments. They will be valid only if signed by the President or the Secretary and countersigned by the agent shown on the receipt.



**CHANGE OF PREMIUM** – This section advises you that premiums are subject to change after a certain period of time.

Two sets of Total Annual Premiums for each Policy Year are shown in the Table of Rates. One set is labeled "Current Annual Premium After First Policy Year". The other set is labeled "Maximum Annual Premium After First Policy Year". "Current Annual Premium After First Policy Year" and "Maximum Annual Premium After First Policy Year" are the same for the Guarantee Period as shown in the Policy Specifications (Section 1). Premiums after the Guarantee Period are subject to change. We can never charge premiums above the respective "Maximum Annual Premium After First Policy Year".

After the Guarantee Period, we change the "Current Annual Premium After First Policy Year", the change will be made for all Insureds with the same Issue Age, sex, Sum Insured, duration, and Policy Class as the Insured. Any changes in the premium rates will be based on our expectations of future experience. We will not change the premium for any riders or benefits other than the term life insurance benefit. We will send you a notice of any premium change before it takes effect.

**GRACE PERIOD** – This section provides for a grace period in the event of late premium payments.

Any premium, other than the first, not paid when due may, prior to the Expiry Date as shown on page 3, be paid within a grace period of 31 days after its due date if premiums have been paid to that date. The policy will continue in full force during that period.

If the Insured dies while the policy is in full force, we will refund or charge premiums to effect payment to the end of the policy month in which the Insured dies. We will pay any refund to you if you are not the Insured; otherwise we will pay it to the Beneficiary. We will deduct any charge from any proceeds.

**DIVIDENDS** – This section informs you about dividends.

This policy will be entitled to the share, if any, of the divisible surplus which we shall annually determine and apportion to it. We shall distribute any share as a dividend. However, we do not expect to pay dividends under this contract.

You may elect to have any dividend paid or applied under one of the following options:

a. Paid in cash;

b. Applied to premium payments;

c. Left with us to earn interest at the rate that we declare. This rate will not be less than 3½% a year on amounts on deposit for full Policy Years. You may make withdrawals on request.

Unless you have elected a different option, each dividend will be left under option c. You may elect to change the option. The election may be effective as to any dividend payable within 31 days before the election.

We will pay as part of the proceeds payable at the Insured's death any unpaid or unapplied dividends and interest. We will pay as our only liability under the policy any unpaid or unapplied dividends and interest if the policy lapses for nonpayment of premium or expires on the Expiry Date.

Z0798L

**10. REINSTATEMENT – This section allows you to restore the policy within a certain period of time if it has been cancelled due to non-payment of premium.**

Reinstatement means to restore this policy to "in full force" status after it has gone into default because a premium due was not paid before the end of the grace period. The policy may be reinstated within 5 years after the due date of the first unpaid premium and before the Expiry Date as shown on page 3.

The Reinstatement requirements are:

1. Completion of a Supplemental Application for reinstatement; and

2. Production of evidence of insurability satisfactory to us; and

3. Payment of overdue premiums with interest.

Interest at the rate of 6% on premiums compounded annually will be payable to the date of reinstatement.

A reinstatement will be effective only as of the date we approve your request for reinstatement.

**11. CONVERSION PROVISION – This section permits you to convert this policy to a John Hancock whole life insurance policy under certain conditions.**

You can have all or part of the term insurance of this policy converted to a new John Hancock whole life policy on the Insured. This type of change is called a conversion. A conversion can be made without proof of insurability. The final date for conversion of this policy (Last Conversion Date) is the policy anniversary on which the Insured is age 65, or to the 5th policy anniversary, if later.

The conversion may be made at any time while the policy is in full force and not later than the Last Conversion Date as shown on page 3.

The new policy shall:

1. Insure only the life of the Insured;

2. Be for a Sum Insured less than or equal to the Sum Insured of this policy;

3. Be on any level premium whole life plan which is available as applied for;

4. Require no further evidence of insurability; and

5. Be issued in the same Policy Class, when available, as shown in this policy on page 3, and also include the exceptions, exclusions, and restrictions, if any, which apply to this policy.

Any additional benefit provision may be issued with the new policy only with our consent and subject to the conditions which we may determine, except that:

1. Any Disability Waiver of Premiums Benefit shown on page 3 that applies to this policy may be issued if: (i) we offer the Benefit at the Issue Age and at the Date of Issue of the new policy; and (ii) evidence satisfactory to us is furnished to our Home Office that the Insured is not totally disabled on the date written notice to convert this policy is signed. No such evidence will be required if the policy applied for is a whole life policy with premiums payable to at least age 85.

2. Any Accidental Death Benefit that applies to this policy may be issued if we offer it at the Issue Age and at the Date of Issue of the new policy.

The new policy, any Disability Waiver of Premiums Benefit, and any Accidental Death Benefit shall be on forms and at rates in effect on the Date of Issue of the new policy with the Issue Age determined by the Insured's birthday nearest the new policy's Date of Issue.

Either one of two dates may be elected as the Date of Issue of the new policy:

a.   The Date of Issue may be the same as the Date of Issue of this policy. In this case the cost of conversion will be: (i) the difference between the premiums payable for this policy and the new policy to the date of conversion, with interest at the rate of 6% per year compounded annually and with adjustment for any dividend differences; or, if greater, (ii) the Policy Cash Value of the new policy at the date of conversion.

b.   The Date of Issue may be the first day of the policy month during which written notice to convert this policy is filed at our Home Office. In this case payment of the initial premium under the new policy will be required.

**Policy Conversion if Insured is Disabled Before Policy Anniversary Nearest Age 60**

If premiums are being waived for this policy in accordance with any Disability Waiver of Premiums Benefit shown on page 3 for a period which began before the policy anniversary nearest the Insured's 60th birthday, this policy may be converted to a new John Hancock whole life policy. Conversion may be made not later than the Last Conversion Date on written application by the Insured and Owner on our prescribed form and surrender of the policy. If no written notice is received before the Last Conversion Date and the period for which premiums are waived extends to the Last Conversion Date, this policy will terminate as of that date. It will be replaced with a new John Hancock whole life policy with the Last Conversion Date as its Date of Issue.

The new policy shall be on the life of the Insured only. It shall be on a whole life plan with premiums payable to at least age 85, which is available as applied for and which requires no further evidence of insurability according to our rules in effect on the Date of Issue of the new policy. The Date of Issue will be the first day of the policy month during which the written notice to convert this policy is filed at our Home Office or the Last Conversion Date, whichever applies.

The new policy will be in the same risk class, when available, as this policy as shown in the Policy Class on page 3, with:

    (i)   a level Sum Insured equal to the Sum Insured of this policy;

    (ii)   an Issue Age determined by the Insured's birthday nearest its Date of Issue;

    (iii)   an Accidental Death Benefit Provision if such a Benefit is shown on page 3 and if we offer it at the Issue Age and at the Date of Issue of the new policy; and

    (iv)   a Disability Benefit Provision for Waiver of Premiums in Event of Total Disability.

Unless you advise us otherwise by written notice:

    (1)   the Owner and the Beneficiary under the new policy as of its Date of Issue shall be the same as under this policy as of the date this policy ends; and

    (2)   the elections of the dividend option, premium payment interval, dividend credit option, and nonforfeiture option shall be the same as were in effect under this policy as of the date it ends.

The new policy, the Disability Benefit providing for waiver of premiums under the new policy, and the Accidental Death Benefit, if included, shall be on forms and, where applicable, at rates in effect on the Date of Issue of the new policy.

**Policy Conversion if Insured is Disabled On or After Policy Anniversary Nearest Age 60**

If premiums are being waived for this policy in accordance with any Disability Waiver of Premiums Benefit shown on page 3 for a period which began on or after the policy anniversary nearest the Insured's 60th birthday, and before the policy anniversary nearest the Insured's 65th birthday, the policy may be converted to a new John Hancock whole life policy. Conversion may be made not later than the policy anniversary nearest the Insured's 65th birthday subject to all the applicable terms and conditions of the "Policy Conversion if Insured is Disabled Before Policy Anniversary Nearest Age 60" provision; except that a Disability Benefit Provision for Waiver of Premiums in Event of Total Disability will be issued with the new policy. This Provision will provide for waiver of premiums but not beyond the policy anniversary nearest the Insured's 65th birthday.

**12. OPTION TO CHANGE TO A NEW TERM POLICY – This section permits you to exchange this policy for another John Hancock term insurance policy under certain conditions.**

On the Option Date, as shown on page 3, you may exchange this policy for a new John Hancock term policy. We will send a notice to you 4 months prior to the Option Date informing you of this option. On the Option Date, we will exchange this policy for a new John Hancock term policy if we receive satisfactory evidence of insurability. All premiums due on this policy must have been paid before the Option Date. The Sum Insured of the new policy must be equal to or less than the Sum Insured of this policy. The new policy is subject to the following terms:

1.   You must complete and submit a new application to us not more than 120 days or less than 60 days before the Option Date.

2.   We must approve the issuance of the new policy before it can become effective.

3.   You must pay the first premium on the new policy in order for the new policy to become effective.

4.   Coverage under this policy terminates when coverage under the new policy begins.

Z0998L

9

**COMPLETE FOR MILITARY CASES**

1. Permanent U.S. Residence _____   2. Pay Grade _____

3. Soc. Sec. or ID# of person entering allotment _____   4. Anticipated date of discharge or retirement ___ (mm) ___ (yy)

**AGREEMENT AND SIGNATURES**

A.  Parts A and B of the attached application will form the basis for and be part of any new policy or additional benefit provision issued on the basis of this application.

B.  Coverage will take effect as provided in and subject to the terms and conditions of Conditional Temporary Insurance Agreement on pages 5 and 6 bearing the same date and number of Part A of this application if:

(1)  an advance payment of at least the Minimum Temporary Insurance Premium is made with Part A of this application which satisfies the requirements of such Conditional Temporary Insurance Agreement; and

(2)  the amount applied for in this and all other applications for life insurance on the Proposed Insured now pending with John Hancock Life Insurance Company and John Hancock Variable Life Insurance Company does not exceed $1,000,000 life insurance.

C.  In cases other than those described in B above, any new policy or Benefit provision will take effect as of the Date of Issue of the policy, but:

(1)  only on delivery to and receipt by the Applicant of the policy and payment of the minimum initial premium thereon and

(2)  only if, at the time of such delivery and payment, the Proposed Insured is living and has not consulted or been examined or treated by a physician or practitioner since the latest Part B pertaining to the Proposed Insured was completed.

D.  No agent or medical examiner is authorized to make or discharge contracts or waive or change any of the conditions or provisions of any application, policy, or receipt, or to accept risks or pass on insurability.  Any such unauthorized action is not notice to or knowledge of the Company.  A medical examiner is not an agent of the Company.

All statements and answers in the application are to the best of my knowledge and belief, true and complete. They are representations and not warranties. I assent to this application.

X _Sean E Ness_ _____

Signature of Proposed Insured, if other than Applicant          Applicant's Signature

_Chatsworth_ _____   _CA_ ____ on _5-10_ , _2002_

Witness (Agent must witness where required by law)

City or Town          State          Date

**SUPPLEMENTARY UNDERWRITING INFORMATION (REQUIRED FOR ALL CASES)**

1. Please provide the Proposed Insured's addresses for the last two years.
   Time at Residence _3yr_ Street Address _____ City/Town _____ State _____ ZIP _____

2. Please provide the Proposed Insured's employment details for the last two years.
   Time Employed          Employer Name          Street Address          City/Town          State          ZIP
   ___ yrs. ___ mos.   _Self Emp_
   ___ yrs. ___ mos.

3. How long have you known the Proposed Insured? _just met_

4. Are you related to the Proposed Insured?   ☐ Yes (relationship) _____   ☒ No

5. Has Proposed Insured been known by any other names within the last 10 years?   ☐ Yes (what names) _____   ☒ No

6. For contractual changes) To the best of your knowledge, is the Proposed Insured now in good health?   ☒ Yes   ☐ No

From my knowledge and investigation, the Proposed Insured is of temperate habits and good moral character, and I know nothing affecting the insurability of the Proposed Insured not stated hereon, and I recommend his/her acceptance without qualification. Proposed Insured interviewed by me on ___/___/___. The Federal Fair Credit Reporting Act has been delivered as required.

**AGENT**

Is the insurance applied for a replacement according to The Company's current replacement rules?   ☐ Yes   ☒ No

This application and report have been reviewed by me, and I recommend the risk.

SALES MANAGER/STAFF MANAGER/MARKETING REPRESENTATIVE          GENERAL AGENT/AGENCY MANAGER

TERM-98

plication to:   **John Hancock Mutual Life Insurance Company**
or
**John Hancock Variable Life Insurance Company**

**Part B-STATEMENTS TO COMPANY'S MEDICAL EXAMINER.**

The questions and answers in 1-10 and Details of "Yes" answers apply to the following person proposed for insurance
a. Person proposed for insurance: (PRINT)

First Name: Sean   Middle Initial: E.   Last Name: Kroetz

b. Birth Date (mm/dd/yy): 8-22-1963

SSN: 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

**DETAILS** of "Yes" answers. (IDENTIFY QUESTION NUMBER, CIRCLE APPLICABLE ITEMS: Include diagnoses, dates, duration and names and addresses of all attending physicians and medical facilities.)

5 - gained 5 lbs. Decrease in activity level.

| | Yes | No |
|---|---|---|
| Ever been treated for or had any known indication of: | | |
| a. Disorder of eyes, ears, nose, or throat? | ☐ | ☑ |
| b. Dizziness, fainting, convulsions, headache; speech defect, paralysis or stroke; mental or nervous disorder? | ☐ | ☑ |
| c. Shortness of breath, persistent hoarseness or cough, blood spitting; bronchitis, pleurisy, asthma, emphysema, tuberculosis or chronic respiratory disorder? | ☐ | ☑ |
| d. Chest pain, palpitation, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart or blood vessels? | ☐ | ☑ |
| e. Jaundice, intestinal bleeding, ulcer, hernia, appendicitis, colitis, diverticulitis, hemorrhoids, recurrent indigestion, or other disorder of the stomach, intestines, liver or gallbladder? | ☐ | ☑ |
| f. Sugar, albumin, blood or pus in urine, venereal disease; stone or other disorder of kidney, bladder, prostate, reproductive organs or breasts? | ☐ | ☑ |
| g. Diabetes; thyroid or other endocrine disorders? | ☐ | ☑ |
| h. Neuritis, sciatica, rheumatism, arthritis, gout, or disorder of the muscles or bones, including the spine, back, or joints? | ☐ | ☑ |
| i. Deformity, lameness or amputation? | ☐ | ☑ |
| j. Disorder of skin, lymph glands, cyst, tumor, or cancer? | ☐ | ☑ |
| k. Allergies, anemia or other disorder of the blood? | ☐ | ☑ |
| l. Alcoholism, Drug Dependence? | ☐ | ☑ |
| 3. Within the past 5 years used amphetamines, cocaine, marijuana, narcotics, or other drugs, except as medication prescribed by a physician? | ☐ | ☑ |
| 4. Now under treatment or taking any prescription drug? | ☐ | ☑ |
| 5. Any change in weight in the past year? Gain 5 lbs. Loss _____ lbs. | ☑ | ☐ |
| 6. Other than above, within the past 5 years: | | |
| a. Had any mental or physical disorder not listed above? | ☐ | ☑ |
| b. Had a checkup, consultation, illness, injury, surgery? | ☐ | ☑ |
| c. Been a patient in a hospital, clinic, sanatorium, or other medical facility? | ☐ | ☑ |
| d. Had electrocardiogram, X-ray, other diagnostic test? | ☐ | ☑ |
| e. Been advised to have any diagnostic test, hospitalization, or surgery which was not completed? | ☐ | ☑ |
| 7. Ever: | | |
| a. Had military service deferment, rejection or discharge because of a physical or mental condition? | ☐ | ☑ |
| b. Requested or received a pension, benefits, or payment because of an injury, sickness or disability? | ☐ | ☑ |

| | Yes | No |
|---|---|---|
| 8. Have you ever been diagnosed or treated for Acquired Immune Deficiency (AIDS) or an AIDS Related Condition | ☐ | ☑ |

9. a. Name and address of your personal physician: (If none, so state) .... 818-772-1515
Name: George McGregor, M.D.
Address: 18350 Roscoe Blvd. #200

b. In past 5 years have you consulted your personal physician for any matter not recorded in answers to questions 2-8?   ☐ Yes  ☑ No
If "Yes", furnish reason, details and date in "Details" space above.

| | Yes | No |
|---|---|---|
| 10. Any family history of diabetes, cancer, high blood pressure or cholesterol, heart or kidney disease, or mental illness? | ☐ | ☑ |

| | Age If Living | Cause of Death | Age At Death |
|---|---|---|---|
| Father | 65 | | |
| Mother | 63 | | |
| Brothers and Sisters | 42 40 | | |
| No. Living  3 | 35 | | |
| No. Dead  0 | | | |

The foregoing statements and answers are to the best of my knowledge and belief, complete, true, and correctly recorded and are representations and not warranties.

Dated at Tarzana, City or Town _____ State CA on 04-/25-2002

Witness: Phyllis Ann Fensom
Medical Examiner: Phyllis Ann Fensom

Signature of person proposed for insurance, if age 15 or over, or Applicant, if person proposed is under age 15.
✗ Sean E. Kroetz

orm 157-Combo-90



**EXECUTIVE FINANCIAL SYSTEMS**
**35th**
**ANNIVERSARY**
1967    2002
WOODLAND HILLS, CA

Society of
Financial
Service
Professionals

MEMBER

**Donald C. Jayne, CLU, ChFC**
**Executive Financial Systems**
21800 Oxnard Street, Suite 450
Woodland Hills, CA 91367-3652
Tel:(818)710-8686 Fax:(818)710-0109
800-313-3665

Communications about this policy may be sent to the Company at John Hancock Place, Boston, Massachusetts 02117, or to any agency office of the Company. If you are not satisfied after contacting the Company, you may contact the California Department of Insurance, Consumer Services Division, 300 South Spring Street, Los Angeles, California 90013; Telephone Number 1-800-233-9045.

If this policy is in full force:

Proceeds are payable at the Insured's death prior to the Expiry Date; and
Premiums are payable during the lifetime of the Insured until the Expiry Date.
Premiums vary by Policy Year as shown in the Table of Rates (Section 2).
Premiums can be changed in accordance with the Change of Premium Section (Section 7).

**TERM LIFE INSURANCE TO AGE 95— CONVERTIBLE TO AGE 65 OR TO THE 5TH POLICY ANNIVERSARY, IF LATER**
**ELIGIBLE FOR DIVIDENDS**

Printed in U.S.A.

98TERM

VBP98LCA