Christopher Pitoun (SBN 290235)
*christopherp@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SILVINA KROETZ, on behalf of herself and all others similarly situated. | No. 2:20-CV-021117-AB-RAO |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| JOHN HANCOCK LIFE INSURANCE COMPANY, and DOES 1 TO 50, inclusive, | |
| Defendants. | |

1  WHEREAS during the course of the above-captioned action, parties and non-
2  parties may be subject to discovery requests and/or proceedings that seek the
3  disclosure of information the party or non-party to whom the request is directed
4  considers to be confidential and/or proprietary; and

5  WHEREAS the parties wish to preserve the confidentiality of such information
6  through the use of a Protective Order; and

7  WHEREAS the parties have an interest in maintaining the confidentiality of
8  confidential and/or proprietary information that the parties may exchange, and may
9  suffer serious injury if the confidentiality of such information is not maintained;

10  IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the
11  parties subject to the approval of the Court, that the following Order shall govern all
12  discovery and all information derived therefrom. The plaintiffs and the defendants, as
13  well as their officers, directors, current employees, former employees, agents, and
14  legal counsel, are referred to collectively as the "parties" and individually as the
15  "party."

16  The parties to this Agreed Protective Order have agreed to the terms of this
17  Order; accordingly, it is ORDERED:

18  1.  Scope and Use.  All materials produced or adduced in the course of
19  discovery, including initial disclosures, responses to discovery requests, deposition
20  testimony and exhibits, and information derived directly therefrom (hereinafter
21  collectively "documents"), shall be subject to this Order concerning Confidential and
22  Highly Confidential Information as defined below.  This Order is subject to the Local
23  Rules of this District and the Federal Rules of Civil Procedure on matters of procedure
24  and calculation of time periods.

25  2.  Confidential Information. As used in this Order, "Confidential
26  Information" means information designated as "CONFIDENTIAL" by the producing
27  party that falls within one or more of the following categories: (a) medical

28

1  information concerning any individual; (b) personal identifying information; (c)
2  income tax returns (including attached schedules and forms), W-2 forms and 1099
3  forms; or (d) personnel or employment records.  "Confidential Information" is also
4  information concerning a person's business operations, processes, sales, marketing,
5  financial data, and technical and development information within the scope of Rule
6  26(c)(1)(G), the disclosure of which is likely to harm that person's competitive
7  position, or the disclosure of which would contravene an obligation of confidentiality
8  to a third person or to a Court.  Information or documents that are available to the
9  public may not be designated as Confidential Information.
10        3.     Highly Confidential Information. As used in this Order, "Highly
11 Confidential Information" means information designated as "HIGHLY
12 CONFIDENTIAL" by the producing party that falls within one or more of the
13 following categories: (a) information prohibited from disclosure by statute; or (b)
14 information that reveals trade secrets.  "Highly Confidential Information" is also
15 information within the scope of Rule 26(c)(1)(G) that is current or future business or
16 technical trade secrets, sales, marketing, financial data and plans more sensitive or
17 strategic than Confidential information, the disclosure of which is likely to
18 significantly harm that person's competitive position, or the disclosure of which would
19 contravene an obligation of confidentiality to a third person or to a Court.
20 Information or documents that are available to the public may not be designated as
21 Highly Confidential Information.
22        4.     Designation.
23        (a)    A party may designate a document as Confidential or Highly
24 Confidential Information for protection under this Order by placing or affixing the
25 words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document and on
26 all copies in a manner that will not interfere with the legibility of the document.  In
27 addition, for electronically stored information produced as native files, the
28

confidentiality designation, if any, shall appear in the file name with "CONF" for "Confidential Information" and "HICONF" for "Highly Confidential Information." By way of example, appropriate hypothetical file names would be HANCOCK01234567_CONF and HANCOCK_HICONF.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

     (b)    The designation of a document as Confidential Information or Highly Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential or Highly Confidential Information as defined in this order.

     5.    Depositions. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be temporarily treated as Highly Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential or Highly Confidential Information, and thereafter only those portions identified in the

1  Notice of Designation shall be protected by the terms of this Order. The failure to
2  serve a timely Notice of Designation shall waive any designation of testimony taken
3  in that deposition as Confidential or Highly Confidential Information, unless
4  otherwise ordered by the Court.

5        6.      Protection of Confidential and Highly Confidential Material.

6        (a)      General Protections. Confidential and Highly Confidential Information
7  shall not be used or disclosed by the parties, counsel for the parties or any other
8  persons identified in subparagraph (b) for any purpose whatsoever other than in this
9  litigation, including any appeal thereof.

10        (b)      Limited Third-Party Disclosures.  The parties and counsel for the parties
11  shall not disclose or permit the disclosure of any Confidential Information to any third
12  person or entity except as set forth in subparagraphs (1)-(10). Subject to these
13  requirements, the following categories of persons may be allowed to review
14  **Confidential Information**:

15        (1)      Outside Counsel. Outside Counsel for the parties and employees of
16  counsel who have responsibility for the action;

17        (2)      In-house Counsel.  In-house counsel for the parties who have primary
18  responsibility for the action;

19        (3)      Parties.  Individual parties and employees of a party but only to the
20  extent counsel determines in good faith that the employee's assistance is reasonably
21  necessary to the conduct of the litigation in which the information is disclosed;

22        (4)      The Court and its personnel;

23        (5)      Court Reporters and Recorders.  Court reporters and recorders engaged
24  for depositions;

25        (6)      Contractors. Those persons specifically engaged for the limited purpose
26  of making copies of documents or organizing or processing documents, including
27  outside vendors hired to process electronically stored documents;
28

(7) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

(8) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

(9) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(10) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

Absent written permission from the producing party or upon order by the Court, counsel for the parties may not disclose **Highly Confidential information** to any person other than those identified in subparagraphs (1) and (3) – (10). The Parties agree that they will not unreasonably withhold such permission.

(c) Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential and Highly Confidential Information.

7. Inadvertent Failure to Designate.  An inadvertent failure to designate a document as Confidential or Highly Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential or Highly Confidential Information after it was

1  initially produced, the receiving party, on notification of the designation, must make a
2  reasonable effort to assure that the document is treated in accordance with the
3  provisions of this Order.  No party shall be found to have violated this Order for
4  failing to maintain the confidentiality of material during a time when that material has
5  not been designated Confidential or Highly Confidential Information, even where the
6  failure to so designate was inadvertent and where the material is subsequently
7  designated Confidential or Highly Confidential Information.

8        8.     Filing of Confidential or Highly Confidential Information.  This Order
9  does not, by itself, authorize the filing of any document under seal. Any party wishing
10 to file a document designated as Confidential or Highly Confidential Information in
11 connection with a motion, brief or other submission to the Court must comply with
12 Local Rule 79-5.

13       9.     No Greater Protection of Specific Documents. Except on privilege
14 grounds not addressed by this Order, no party may withhold information from
15 discovery on the ground that it requires protection greater than that afforded by this
16 Order unless the party moves for an order providing such special protection.

17       10.    Challenges by a Party to Designation as Confidential or Highly
18 Confidential Information. The designation of any material or document as
19 Confidential or Highly Confidential Information is subject to challenge by any party.
20 The following procedure shall apply to any such challenge.

21       (a)    Meet and Confer.  A party challenging the designation of Confidential or
22 Highly Confidential Information must do so in good faith and must begin the process
23 by conferring directly with counsel for the designating party.  In conferring, the
24 challenging party must explain the basis for its belief that the confidentiality
25 designation was not proper and must give the designating party an opportunity to
26 review the designated material, to reconsider the designation, and, if no change in
27
28

designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

  (b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential or Highly Confidential Information under the terms of this Order.

  11. Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential or Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

  12. Use of Confidential or Highly Confidential Documents or Information in a Hearing or at Trial.

  If any Party intends to introduce Confidential or Highly Confidential Information into evidence or otherwise use such material at trial or a hearing, that party shall not oppose a reasonable request to close the court room to protect the confidential nature of the Confidential or Highly Confidential Information.

  13. Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

  (a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three

1  court days after receiving the subpoena or order.  Such notification must include a
2  copy of the subpoena or court order.

3      (b)    The receiving party also must immediately inform in writing the party
4  who caused the subpoena or order to issue in the other litigation that some or all of the
5  material covered by the subpoena or order is the subject of this Order.  In addition, the
6  receiving party must deliver a copy of this Order promptly to the party in the other
7  action that caused the subpoena to issue.

8      (c)    The purpose of imposing these duties is to alert the interested persons to
9  the existence of this Order and to afford the designating party in this case an
10 opportunity to try to protect its Confidential or Highly Confidential Information in the
11 court from which the subpoena or order issued.  The designating party shall bear the
12 burden and the expense of seeking protection in that court of its Confidential or
13 Highly Confidential Information, and nothing in these provisions should be construed
14 as authorizing or encouraging a receiving party in this action to disobey a lawful
15 directive from another court.  The obligations set forth in this paragraph remain in
16 effect while the party has in its possession, custody or control Confidential or Highly
17 Confidential Information by the other party to this case.

18     14.    Challenges by Members of the Public to Sealing Orders.  A party or
19 interested member of the public has a right to challenge the sealing of particular
20 documents that have been filed under seal, and the party asserting confidentiality will
21 have the burden of demonstrating the propriety of filing under seal.

22     15.    Obligations on Conclusion of Litigation.

23     (a)    Order Continues in Force.  Unless otherwise agreed or ordered, this Order
24 shall remain in force after dismissal or entry of final judgment not subject to further
25 appeal.

26     (b)    Obligations at Conclusion of Litigation. Within sixty days after dismissal
27 or entry of final judgment not subject to further appeal, all Confidential and Highly

28

PROTECTIVE ORDER
010858-11/1295266 V1     - 8 -

Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 4(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) the receiving party destroys all documents and copies of documents containing the producing party's Confidential or Highly Confidential information and promptly certifies such destruction in writing to the producing party.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Highly Confidential Information.

16. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

19. FRE 502(d). Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected material is not a waiver in the pending case or in any other federal or state proceeding.

**IT IS SO ORDERED.**

Dated: June 5, 2020

_____/s/_____
Hon. Rozella A. Oliver
United States Magistrate Judge

# **ATTACHMENT A**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential or Highly Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____
                              Signature