# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SILVINA KROETZ,

              Plaintiff,

v.

JOHN HANCOCK LIFE INSURANCE COMPANY and DOES 1 to 50, inclusive,

              Defendants.

No. 2:20-CV-02117-TJH-RAO

[~~PROPOSED~~] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

## I.   SCOPE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, the Central District of California Local Rules, this Court's Standing Order, and any other applicable orders and rules. Nothing in this order is intended to alter or affect any party's rights or obligations under any order by the assigned District Judge, but shall be construed instead, wherever possible, as consistent with any order by the assigned District Judge.

## II.   DEFINITIONS

(A)   "**Document**" as used herein shall have the same definition as set forth in Federal Rule of Civil Procedure 34(a). The term "Document" shall include Hard-Copy Documents, Electronic Documents, and ESI as defined herein.

(B)   "**Electronically Stored Information**" or "**ESI**," as used herein, means and refers to computer-generated information or data, stored in or on any storage media located on computers, file servers, disks, tape, USB drives, or other real or virtualized devices or media, as such information is defined in the Federal Rules of Civil Procedure, including Rule 34(a).

(C)   "**Native Format**" as used herein means and refers to the format of ESI in which it was generated and/or as used by the Producing Party in the usual course of its business and in its regularly conducted activities.

(D)   "**Metadata**" as used herein means:   (i) structured, i.e., fielded, information embedded in a native file which describes, inter alia, the characteristics, origins, usage, and/or validity of the electronic file; (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system, (iii) information, such as Bates numbers, created during the course of processing documents or ESI for production, and (iv) information collected

during the course of collecting documents or ESI, such as the name of the media device, or the custodian or non-custodial data source from which it was collected. Schedule A to this Protocol identifies the Metadata fields which may be required to be produced by the producing party.

(E) "**Load Files**" as used herein means electronic files provided with a production set of documents and images used to load that production set into a receiving party's document review platform, and correlate its data within that platform.

(F) "**Extracted text**" as used herein means the text extracted from a Document, and includes all header, footer and document body information when reasonably available.

(G) "**Optical Character Recognition**" or "**OCR**" as used herein means the process of recognizing, and creating a file containing, visible text within an image.

(H) "**Hard Copy Document**" as used herein means a document collected from physical files and not from electronic sources.

(I) "**Parties**" as used herein means or refers to the plaintiffs and defendant in the above-captioned matter, as well as any later-added plaintiffs and defendants. "Party" shall refer to a plaintiff or defendant, individually.

(J) "**Producing Party**" as used herein means or refers to a Party in the above-captioned matter from which production of ESI or Hard Copy Documents is sought.

(K) "**TIFF Format**" as used herein means or refers to a representation of ESI produced by converting a native file into a standard image format capable of being viewed and printed on standard computer systems.

(L) "**Requesting Party**" as used herein means or refers to a Party in the above-captioned matter seeking production of ESI or Hard Copy Documents.

(M) "**And**" and "**or**" as used herein shall be construed conjunctively or disjunctively as necessary to make their use inclusive rather than exclusive, that is, "**and**" shall be construed to mean "**and/or**."

(N) "**Include**" and "**Including**" as used herein shall be construed to mean "include but not be limited to" and "including, but not limited to."

Reference to the singular shall also be deemed to refer to the plural, and vice-versa.

### III. PRODUCTION FORMAT

(A) <u>Production Format</u>. Except as specified in Paragraphs III(B)–(D), the Parties shall produce ESI in TIFF Format, with searchable text Load Files that are compatible with Relativity.

    (i) Each image should have a unique file name, which is the Bates number of the page. TIFF files shall be produced in single-page Group IV format with a minimum resolution of 300 dpi. TIFF image files should be provided in a self-identified "Images" folder.

    (ii) Each TIFF image file shall be named with the corresponding Bates number, and with Relativity compatible image and data Load Files using standard Relativity delimiters. For each individual document based on an electronic file, the Load File shall, to the extent practicable, contain the corresponding text that is extracted from the electronic file, not generated as an OCR file from the TIFF images.

    (iii) Electronic documents should be produced with corresponding extracted text. Hard copy documents should be produced with corresponding OCR text. Redacted text may be removed from extracted or OCR text so as to not reveal the contents of the redacted material. Extracted text and/or OCR text should be provided in a self-identified "Text" folder containing separate document level ASCII text files, which are named in accordance

with the beginning Bates number that is assigned to that specific record in the production. The OCR text files and image Load Files should indicate page breaks to the extent possible.

    (iv)  After initial production in TIFF Format is complete, a Party may request in writing that the Producing Party produce specific Documents in their Native Format and the Producing Party will not unreasonably refuse such a request.

  (B)  <u>Files Produced in Native Format.</u>  Any files produced in Native Format shall be produced with a Bates-numbered TIFF Format slip-sheet stating that the document has been produced in Native Format and noting the document's confidentiality designation.

  (C)  <u>Microsoft Excel and Other Spreadsheets.</u> Microsoft Excel spreadsheets, CSV files, and similar spreadsheets shall be produced as native document files with corresponding extracted text and the relevant metadata.

  (D)  <u>Microsoft PowerPoint and Other Presentations.</u> Microsoft PowerPoint presentations and similar presentations shall be produced as single-page, 300 DPI, TIFF images with notes and comments displayed in the produced images.

  (E)  <u>Hard Copy Documents.</u> The Parties agree that Hard Copy Documents shall be produced as image files with related OCR text to the extent such documents are converted into electronic format. At this time, each party contemplates converting all Hard Copy Documents into electronic images for production purposes and agrees to address any exceptions with the other Parties. The Parties shall meet and confer to discuss documents that present imaging or formatting problems. To the extent exceptions to the foregoing are required, the Parties will meet and confer to discuss alternative production requirements, concerns, or formats. A Metadata field entitled "Paper" will be populated by a "Y" for all Documents scanned from Hard Copy.

(F) <u>Structured Data.</u> The Parties will meet and confer regarding production in a mutually agreeable format of responsive data contained in databases and other structured data sources. If a Producing Party asserts that certain ESI is inaccessible, or if the Requesting Party asserts that, following production, certain ESI is not reasonably usable; the Parties shall meet and confer with their respective technology experts as appropriate and necessary to discuss resolving such assertions. If the Parties cannot resolve any such disputes after such a meet and confer has taken place, the issue shall be presented to the Court for resolution.

(G) <u>Delivery.</u> Documents shall be produced on a Thumb Drive, CD-ROM, DVD, external hard drive (with standard PC compatible interface), file transfer protocol FTP or other secure online document transfer portal, or such other readily accessible computer or electronic media as the Parties may hereafter agree upon (the "Production Media"). Each item of Production Media shall include: (i) text referencing that it was produced in this matter, (ii) the type of materials on the media (e.g., "Documents," "OCR Text," etc.), (iii) the production date, and (iv) the Bates number range of the materials contained on such Production Media item.

(H) <u>Metadata.</u> ESI shall be produced with all of the Metadata and coding fields set forth in Schedule A hereto. This Protocol does not create any obligation to create or manually code fields that are not automatically generated by the processing of the ESI, or that do not exist as part of the original Metadata of the document; provided, however, that the Producing Party must populate the (i) BegBates, (ii) EndBates, (iii) BegAttach, (iv) EndAttach, (v) SourceParty, (vi) Custodian fields and (vii) Native Path fields. These fields should be populated for all produced ESI, regardless of whether the fields can be populated pursuant to an automated process.

(I) <u>De-duplication.</u> A Party is only required to produce a single copy of any responsive Document. A Party may de-duplicate ESI across each Party's custodians or sources, but, if that option is exercised, the Producing Party must identify each

custodian or source where the Document was located. De-duplication will be based on MD5 or SHA-1 hash values, and each Party will disclose the methodology it uses to de-duplicate. The Parties agree to the following limitations on de-duplication: (i) de-duplication shall be performed only at the Document-family level so that attachments are not de-duplicated against identical stand-alone versions of such Documents and vice versa; (ii) attachments to emails or other Documents shall not be disassociated from the parent email or Document, even if they are exact duplicates of another Document in the production; and (iii) Hard Copy Documents may not be eliminated as duplicates of responsive ESI if there is anything written on the hard copy Document that makes it different from the electronic copy. A Party may only de-duplicate "exact duplicate" Documents (based on MD5 or SHA-1 hash values at the family level) and may not de-duplicate "near duplicate" Documents, both of the quoted terms in this sentence being given their ordinary meaning in the e-discovery field.

(J)     <u>Color.</u>  For Microsoft Office files not produced in their Native Format, if an original Document contains color, the Producing Party will produce color image(s). The Parties shall meet and confer to discuss production of color image(s) for other specific documents upon request.

## IV.     **SEARCH PROTOCOL**

The Parties shall continue to meet and confer regarding any search process for electronic documents as necessary and appropriate (including the identification of custodians and search terms), and to the extent such issues cannot be resolved, will present them to the to the Court for resolution in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Local Civil Rules. This ESI Protocol does not waive any Party's right to object to discovery requests for any reason, including raising objections to search terms.

### V. CLAWBACK AND NON-WAIVER

(A) Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

(B) If a Producing Party inadvertantly produces ESI that the Producing Party believes is subject to the attorney-client privilege or work product protection, the Producing Party shall inform the Receiving Party in writing as soon as possible.

(C) On receipt by a Reciving Party that a Producing Party has inadvertaintly produced ESI that the Producing Party contends is subject to the attorney-client privilege or work product protectction, the Receiving Party shall immediately take steps to sequester the inadvertantly produced ESI and shall agree to meet and confer with the Producing Party regarding its assertion oft he attorney-client privilege or work product protection within 7 days.

(D) The Receiving Party shall not use ESI that the Producing Party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

### VI. MISCELLANEOUS

(A) To the extent any responsive ESI exists in more than one language, the documents shall be produced in English, if available.

(B) Any practice or procedure set forth here may be varied by agreement of the Parties without order of the Court. Failure of the Parties to agree on any modifications may be raised with the Court as necessary and in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules

(C) A Party producing responsive ESI need not produce the identical document in Hard Copy Format, except that, in specific cases in which ESI produced by a Party may, for some reason, be unreadable or otherwise subject to question, a

1 | Receiving Party may reasonably request a Producing Party to produce a Hard Copy of
2 | previously produced ESI.
3 |     (D)   In consideration of the Parties' agreed upon Protocol, the Producing Party
4 | agrees not to seek the reimbursement of any and all costs relating to the production,
5 | storage, and maintenance of the ESI produced by that Party. Nothing herein constitutes
6 | an acknowledgement (implicit or otherwise) by any Party that ESI-related costs are
7 | taxable under 28 U.S.C. § 1920.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: April 13, 2022

*/s/ Rozella A. Oliver*
_____
HON. ROZELLA A. OLIVER
United States Magistrate Judge

## SCHEDULE A

## ESI METADATA AND CODING FIELDS

The chart below describes the Metadata fields to be produced in generic, commonly used terms which the Producing Party is to adapt to the specific types of ESI it is producing, to the extent such Metadata fields exist associated with the original ESI and are automatically generated as part of the electronic data discovery process. Any ambiguity about a Metadata field is to be discussed with the Receiving Party prior to processing the subject ESI for production.

The Load File for any Hard Copy Documents should be produced with the following fields:

| Field Name | Field Description |
|---|---|
| BegBates | First Bates number (production number) of an item |
| EndBates | Last Bates number (production number) of an item<br><br>**The EndBates field should be populated for single-page items. |
| BegAttach | First Bates number of family group. |
| EndAttach | Last Bates number of attachment range (i.e., Bates number of the last page of the last attachment) |
| Parent Bates | First Bates number of the parent document for each attachment of record. |
| Custodian | Name of person from whose files the item is produced |

The Load File for ESI should be produced with the following Metadata fields:

| Field Name | Field Description |
|---|---|
| BegBates | First Bates number (production number) of an item |
| EndBates | Last Bates number (production number) of an item |

- 9 -

|  |  |
|---|---|
|  | **The EndBates field should be populated for single-page items. |
| BegAttach | First Bates number of family group. |
| EndAttach | Last Bates number of attachment range (i.e., Bates number of the last page of the last attachment) |
| Parent Bates | First Bates number of the parent document for each attachment of record. |
| Custodian | Name of person from whose files the item is produced |
| CustodianOther | Name of the person(s), in addition to the Custodian, from whose files the item would have been produced if it had not been de-duplicated |
| AttachCount | Number of attached, embedded or grouped items |
| Author | Creator of the document; any value populated in the Author field of the source file metadata or document properties |
| To | The names and SMTP email addresses of all recipients that were included on the "To" line of the email or calendar item |
| From | The name and SMTP email address of the sender of the email or calendar item CC The names and SMTP email |
| CC | The name and SMTP email address of the sender of the email or calendar item CC The names and SMTP email |
| BCC | The name and SMTP email address of the sender of the email or calendar item CC The names and SMTP email |
| Subject | Any value populated in the Subject field of the source file Metadata or Document properties (e.g., subject line of email or calendar item) |
| Date/Time Sent | Date email or calendar item was sent in mm/dd/yyyy format and time the email or calendar item was sent in hh:mmAM/PM format for time |

| Date/Time Received | Date email or calendar item was received in mm/dd/yyyy format and time the email or calendar item was received in hh:mmAM/PM format for time |
|---|---|
| File Name | The filename of the source native file for an ESI item |
| File Type | Email or attachment or individual file |
| File Extension | Indicates file extension of source native file |
| Date/Time Created | Date the item was created in mm/dd/yyyy format and time the item was created in hh:mmAM/PM format |
| LastModDate/Time | Date the item was last modified in mm/dd/yyyy format and time the item was last modified in hh:MMAM/PM format |
| Hash Value | The MD5 or SHA-1 hash value of the file. |
| File Path | The file source path, to include the location, folder name, file name, and file source extension |
| Text Path | Full relative path to the current location of the document-level text file associated with the Bates number. |
| Native Path | File path for documents provided in native format.<br><br>**The linked file must be named per the BegBates value. |
| Confidentialty | The designated level of confidentiality, if any, for the particular document |
| Tracking | Tracking information, including read receipts, flags, and importance |
| SourceParty | Name of party producing the item |