Christopher Pitoun (SBN 290235)
christopherp@hbsslaw.com
Abigail D. Pershing (SBN 346467)
abigailp@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
301 N. Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

Joseph M. Vanek (admitted *Pro Hac Vice*)
jvanek@sperling-law.com
John P. Bjork (admitted *Pro Hac Vice)*
jbjork@sperling-law.com
SPERLING & SLATER, LLC
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Telephone: (312) 641-3200

*Attorneys Plaintiff and the Proposed Class*
[Additional Counsel listed on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA LINHART, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A) and DOES 1 TO 50, inclusive,<br><br>Defendant. | Case No. 2:20-cv-02117-TJH-RAO<br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION AND PLAINTIFF'S OPPOSITION TO JOHN HANCOCK'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     October 23, 2023<br>Time:    UNDER SUBMISSION<br>Judge:   Hon. Terry J. Hatter, Jr. |

1    Plaintiff, Barbara Linhart, by and through her attorneys, submits this Notice of
2    Supplemental Authority in support her Renewed Motion for Class Certification and
3    Appointment of Class Representative and Class Counsel ("Motion for Class
4    Certification"), ECF No. 136-1, and in support of her Opposition to John Hancock's
5    Motion for Summary Judgment ("Opposition to Summary Judgment"). ECF 158.
6    Plaintiff hereby states the following:

Since Plaintiff submitted her Motion for Class Certification on July 28, 2023 (and since Plaintiff completed her reply briefing on October 9, 2023, ECF No. 171), and her Opposition to Summary Judgment on September 8, 2023, Plaintiff has identified the following additional persuasive authority:

- Order Granting Plaintiff's Motion for Summary Judgment, *Poe v. Northwestern Mutual Life Ins. Co.*, ECF No. 196, Case No. 8:21-cv-02065-SPG-E (C.D. Cal., Oct. 19, 2023) (Exhibit 1).

Exhibit 1 is relevant to and supports Plaintiff's Motion for Class Certification in which Plaintiff argued that her claims and the claims of other putative class members share common questions of fact and law, including whether all class members were harmed by Hancock's refusal to pay death benefit proceeds. ECF No. 136-1 at 10:15-11:7. Exhibit 1 is also relevant to and supports Plaintiff's Opposition to Summary Judgment, in which Plaintiff argued that Plaintiff was harmed by Hancock's refusal to pay death benefit proceeds. ECF No. 158 at 15:7-18:19. Plaintiff submits this decision as further support for an order granting Plaintiff's Motion for Class Certification and denying Hancock's Motion for Summary Judgment.

| | | |
|---|---|---|
| 1 | DATED: October 25, 2023 | Respectfully submitted, |
| 2 | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 3 | | By: /s/ *Christopher R. Pitoun* |
| 4 | | Christopher R. Pitoun (SBN 290235) |

DATED: October 25, 2023

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ *Christopher R. Pitoun*
    Christopher R. Pitoun (SBN 290235)
christopherp@hbsslaw.com
Abigail D. Pershing (SBN 346467)
abigailp@hbsslaw.com
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150

David S. Klevatt (admitted *Pro Hac Vice*)
dklevatt@insurancelawyer.com
KLEVATT & ASSOCIATES, LLC
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
Telephone: (312) 782-9090

Joseph M. Vanek (admitted *Pro Hac Vice*)
jvanek@sperling-law.com
Mitch Macknin (admitted *Pro Hac Vice*)
mhmacknin@sperling-law.com
John P. Bjork (admitted *Pro Hac Vice*)
jbjork@sperling-law.com
SPERLING & SLATER, LLC
55 W. Monroe Street, Suite 3500
Chicago, IL 60603
Telephone: (312) 641-3200

*Attorneys for Plaintiff and the Proposed Class*

# Exhibit 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERI POE,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE CO.,<br><br>　　　　　　　Defendant. | Case No. 8:21-cv-02065-SPG-E<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 131]** |

　　　Before the Court is Plaintiff Cheri Poe's motion for summary judgment. (ECF No. 131 ("Motion")). The Court heard oral argument on October 4, 2023. Having considered the parties' submissions, the relevant law, the arguments of counsel during the hearing on the Motion, and the record in this case, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.

# I. BACKGROUND

## A. Factual Background

The following summarized facts are uncontroverted, unless otherwise stated. *See* (ECF No. 32-4 (Joint Appendix of Facts "JAF")).[1]

California Insurance Code sections 10113.71 and 10113.72 (the "Statutes") became effective on January 1, 2013. The Statutes require insurers to provide the following "Designation Notices" to holders of life insurance policies: (i) notification that life insurance policyholders have the right to designate a third party to receive notice of pending termination of the policy for non-payment of premium (§ 10113.72(a)); (ii) a form to make their third party designation (§ 10113.72(a)); (iii) notification to policyholders annually of the right to change or supplement their third-party designation (§ 10113.72(b)); and (iv) notice of at least thirty-days to the policy owner and to the designated third party before terminating the policy (§ 10113.72(c)).

In 2021, the California Supreme Court held that the Statutes' "grace period and notice protections apply to all policies in effect as of the sections' effective date." *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 226 (2021). In other words, the Supreme Court held that the Statutes apply "to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued." *Id.* at 220.

In the Fall of 2001, Scott Poe purchased two term life insurance policies from Northwestern Mutual ("Policies"). One was Policy No. 15874906, in the amount of $700,000, issued effective September 21, 2001, to expire on September 21, 2021, with quarterly premium payments of $147.04. (JAF 7). The other was Policy No. 16288790,

---

[1] When determining a motion for summary judgment, the Court only considers evidence admissible at trial, though the form may differ at the summary judgment stage. *Godinez v. Alta-Dena Certified Dairy LLC*, No. CV 15-01652 RSWL (SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016). The Court has reviewed the entire record, including the parties' SUF, objections, and evidence. The Court discusses only the facts that are relevant to its decision. To the extent that the Court relies on evidence that is the subject of an objection, the Court overrules the objection. To the extent the Court does not rely on evidence objected to by the parties, the objections are overruled as moot.

in the amount of $400,000, issued effective November 3, 2002, to expire on November 3, 2022, with a quarterly premium of $181.65. (JAF 8). Mr. Poe designated his wife, Plaintiff Cheri Poe, as a beneficiary under the Policies, effective October 21, 2016. (JAF 9).

On December 27, 2017, Defendant sent Mr. Poe a notice that the Policies would be terminated for non-payment of premium, effective January 21, 2018, and February 3, 2018, respectively. (JAF 12). On January 24, 2018, and March 11, 2018, Defendant sent notices confirming the insurance account had been closed, though providing the "opportunity to restore the policy's full protection." (Bahr Decl. Exh. B at 398). Mr. Poe died on April 29, 2018. Defendant never notified Mr. Poe of his right to designate a third party to receive notice of a pending termination, sent Mr. Poe the mandated form, or provided Mr. Poe with annual reminders. (JAF 15).[2]

After Mr. Poe died, Plaintiff contacted Defendant regarding the Policies and its position regarding their termination. Defendant responded that the Policies had terminated for non-payment of premium and stated, "no death claim is payable, and a claim package will not be provided at this time." (ECF No. 107-6). Plaintiff has received no benefits under the Policies.

---

[2] Defendant disputes in part this "compound assertion." (JAF 15). It states, "[t]hese compound assertions are disputed to the extent that they claim that Mr. Poe had a right to receive a designation form, or to receive notice of the right to designate a third party to receive notice of a pending termination in addition to the annual notice of the right to designate such person." *Id.* After *McHugh*, there is little question Mr. Poe was entitled to these designation notices under the Statutes, and thus the Court rejects Defendant's contentions. *See also Thomas v. State Farm Ins. Co.*, 424 F. Supp. 3d 1018, 1028 (S.D. Cal. 2019), *aff'd*, 2021 WL 4596286 (9th Cir. Oct. 6, 2021) ("Because Mr. Flynn made [payments on his insurance premium] after the Statutes' January 1, 2013 effective date, the Policies incorporated the new grace period, designation, and notification requirements…Defendant was required to comply with such requirements before terminating the Policies.").

### B. Procedural History

Plaintiff commenced this action on December 16, 2021, asserting both individual and class action claims. (ECF No. 1). The Court dismissed Plaintiff's claims for injunctive and declaratory relief under the Unfair Competition Law, as well as her separate claim for declaratory relief. *See* (ECF No. 34). On August 14, 2023, this Court denied Plaintiff's motion for class certification. (ECF No. 156). Plaintiff then filed a motion for reconsideration of the Court's order denying class certification, which the Court denied on September 27, 2023. (ECF No. 179). Because the instant Motion was filed before the Court's denial of class certification, the Motion includes both an individual claim and class claims. In light of the denial of class certification, the Court considers only Plaintiff's remaining individual claim for common-law breach of contract. Plaintiff alleges that, by not complying with the Statutes, Defendant improperly terminated Policies and failed to pay death benefits in violation of the Policies and their terms. *See* (ECF No. 83 ¶¶ 50–57).

## II. LEGAL STANDARD

Summary judgment is appropriate where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (2006) (citing *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213

F.3d 474, 480 (9th Cir.2000) (internal citations omitted)). When the moving party has met its burden, the nonmoving party may not simply "rest upon the mere allegations or denials" of the nonmoving party's pleadings, *see Miller*, 454 F. 3d at 987, but, instead, must present "significant probative evidence tending to support its claim or defense." *C.A.R. Transportation Brokerage,* 213 F.3d at 480; *see also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.,* 210 F.3d 1099, 1103 (9th Cir. 2000). There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III. DISCUSSION

### A. Breach of Contract (Liability)

Plaintiff seeks summary judgment on her claim for breach of contract (both as to liability and damages). (ECF No. 83). In support of her Motion, Plaintiff argues that her husband's life insurance policy never lapsed because Defendant failed to comply with pretermination notice requirements. (ECF No. 137 at 25-26). Plaintiff argues that Defendant's failure to pay the benefits on the policy was a breach of contract.

As outlined above, California law requires life insurance companies to provide certain protections before terminating a term life insurance policy for non-payment of premiums. California Insurance Code sections 10113.71 and 10113.72 require life insurance companies to (i) notify life insurance policyholders of the right to designate a third party to receive notice of pending termination of the policy for non-payment of premium (§ 10113.72(a)); (ii) provide a form to make their third party designation (§ 10113.72(a)); (iii) notify policyholders annually of the right to change or supplement their third-party designation (§ 10113.72(b)); and (iv) provide notice of at least thirty-days to the policy owner and to the designated third party before terminating the policy (§ 10113.72(c)). These provisions also dictate that policies shall not lapse or be terminated for the nonpayment of a premium unless the insurer provides a thirty-day notice of

termination to both a policy owner and a designated third party. (§ 10113.71(b)(1) ("A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium").

According to the California Supreme Court, Sections 10113.71 and 10113.72 "create a single, unified pretermination notice scheme." *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 240 (2021). Moreover, the court held that the Statutes apply "to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued." *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 226 (2021).[3] Because Mr. Poe's Policies were in effect on January 1, 2013, Mr. Poe's Policies are covered by the Statutes.

Here, there is no genuine dispute that Defendant failed to comply with the notice requirements of Sections 10113.71 and 10113.72 before terminating Mr. Poe's life insurance policy. Defendant never notified Mr. Poe of his right to designate a third party to receive notice of a pending termination, sent Mr. Poe the mandated form, or provided Mr. Poe with annual reminders. (JAF 15). Therefore, Defendant violated Sections 10113.72(a), 10113.72(b), 10113.72(c), and 10113.71(b)(1). *See Moriarty v. Am. Gen.*

---

[3] Citing *McHugh* (ECF No. 137 at 18), Defendant argues that section 72(a) "unmistakably applies only to new, postenactment policies." *McHugh v. Protective Life Ins. Co.*, 12 Cal. 5th 213, 236 (2021). Defendant here misreads *McHugh*. The context of the cited passage makes clear that the Supreme Court is merely discussing one interpretive possibility. The statement is *not* the Supreme Court's final pronouncement on the meaning of 72(a). For the Supreme Court's final pronouncement on the meaning of 72(a) as well as the other provisions, see *Id.* at 220, 246 ("The grace period and notice protections apply to all policies in effect as of the sections' effective date. . . . The Legislature enacted the sections not only to provide protections to people in the future, but also to ensure that existing policy owners don't lose the life insurance coverage that they may have spent years paying for and on which their loved ones depend.").

*Life Ins. Co.*, No. 3:17-CV-1709-JO-WVG, 2023 WL 5211632, at *3 (S.D. Cal. Aug. 14, 2023) ("[T]he California Supreme Court [has] held that these provisions apply to all policies, even those purchased before 2013, in force when those provisions became law.").

As a result of Defendant's failure to give the required notices, Mr. Poe's life insurance policies did not lapse. *Thomas v. State Farm Life Ins. Co.*, No. 20-55231, 2021 WL 4596286, at *1 (9th Cir. Oct. 6, 2021) (affirming summary judgment on breach of contract claim based on holding that the failure to comply with insurance code notice requirements precludes a policy from lapsing).

Notwithstanding this failure to comply with California law, Defendant argues that causation in this case "is hotly disputed" and thus is a fact question best left for a jury. (ECF No. 137 at 37). Specifically, Defendant argues that whether Defendant caused Plaintiff's damages depends on whether Mr. Poe would have paid the premium in time if Defendant had provided proper notice under the Statutes. According to Defendant, "[a] jury could reasonably conclude that Mr. Poe knew in advance about the pending lapses but decided not to prevent them, in which case any statutory noncompliance by Northwestern Mutual as to notices to him of the right to name a secondary designee (or otherwise) cannot be said to have caused the policies' lapse." (ECF No. 137 at 38).

But this—that is, asking a jury to determine who is responsible for the lapse in the policies—is not necessary for Plaintiff to prevail on the Motion. Because Mr. Poe's policies were still in force under California law, Defendant's failure to pay the policy amounts is the breaching conduct. "Contrary to Defendant's arguments, there is no dispute regarding causation: Defendant admittedly refused to pay the benefits of this policy, and this refusal is the breach of contract that caused Plaintiff's damages." *Moriarty*, 2023 WL 5211632, at *4 (S.D. Cal. Aug. 14, 2023); *see also Farley v. Lincoln Benefit Life Co.*, 2023 WL 3007413, at *4 (E.D. Cal. Apr. 18, 2023) ("Questions of causation, *i.e.,* whether the policy would have lapsed even if defendant had complied with the statues, are not relevant to whether there was a violation of a procedural right."); *Thomas v. State Farm Life Ins. Co.*, No. 20-55231, 2021 WL 4596286, at *1 (9th Cir. Oct. 6, 2021) ("Specifically, State Farm

argues that Thomas failed to establish causation because she did not offer any evidence that the policies would not have lapsed even had State Farm complied with sections 10113.71 and 10113.72. But this evidence is not necessary for Thomas to prevail.") This is the case here. Defendant's failure to pay the policy amount is the breaching conduct, and this breach caused Plaintiff's harm.

Because there is no genuine dispute as to any material fact regarding Defendant's violation of the Statutes, the Court grants summary judgment in favor of Plaintiff with regard to Plaintiff's breach of contract claim.[4]

### B. Breach of Contract (Damages)

The parties disagree regarding damages calculations. Plaintiff asserts that she is entitled to her portion of the face value of Mr. Poe's Policies, as well as interest at 10 percent per annum after breach in accordance with Cal. Civ. Code § 3289(b). (ECF No.

---

[4] Defendant's answer asserts a number of affirmative defenses. *See* ECF No. 46. Upon learning during the hearing on the Motion that the Court's tentative was to grant the Motion, Defense counsel stated that Defendant is entitled to proceed to trial on its affirmative defenses. The Court disagrees. Although Defendant's opposition to the Motion asserts that "Northwestern Mutual's affirmative defenses of waiver, ratification, and failure to mitigate damages independently preclude a class-wide summary judgment," *see* ECF No. 130-1 at 40, the Court is not granting summary judgment on Plaintiff's class claims. Further, Defendant did not move for summary judgment on any of its affirmative defenses. Nor did Defendant present significant probative evidence for the affirmative defenses of waiver, ratification, and failure to mitigate to create a genuine issue of material fact for trial of Plaintiff's individual breach of contract claim. To the extent Defendant argued the affirmative defenses of standing or failure to mitigate applied to Plaintiff's claim, such arguments were based on the theory that the Polices had terminated or lapsed prior to Poe's death, a theory based on the *Thomas* case the Court has rejected. Moreover, as stated previously, "[w]hen the moving party has met its burden, the nonmoving party may not simply "rest upon the mere allegations or denials" of the nonmoving party's pleadings, *see Miller*, 454 F. 3d at 987, but, instead, must present "significant probative evidence tending to support its claim or defense." *C.A.R. Transportation Brokerage,* 213 F.3d at 480; *see also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.,* 210 F.3d 1099, 1103 (9th Cir. 2000). Given that Defendant has failed to present such significant probative evidence for the affirmative defenses upon which it relies, summary judgment on Plaintiff's individual breach of contract claim is warranted.

-8-

137 at 44). According to Cal. Civ. Code § 3289(b), "if a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." Plaintiff argues that the Policies do not specify a rate of interest and therefore § 3289(b)'s 10 percent per annum rule applies. (ECF No. 137 at 44). Defendant disagrees and asserts that (1) Plaintiff fails to deduct from the face value of the Policies Mr. Poe's unpaid premium payments and (2) Plaintiff relies on a legally incorrect rate of prejudgment interest. (ECF No. 137 at 45-47). Defendant argues that under the correct code section, i.e., Cal. Ins. Code § 10172.5(a), Defendant is only obligated to pay interest "at a rate not less than the then current rate of interest on death proceeds left on deposit with the insurer computed from the date of the insured's death."

The Court agrees with Defendant that unpaid premiums must be deducted from the face value of the Policies. However, the Court holds, following Plaintiff, that Cal. Civ. Code § 3289(b) – as opposed to Cal. Ins. Code § 10172.5(a) – governs this action. The Court takes these in turn.

First, if a life insurer fails to comply with the Statutes, the burden that the "insurer will be required to pay benefits for which it has not received a premium" is "at least somewhat offset, since the insurer would be entitled to deduct the unpaid premium payment from any life insurance benefits it pays out." *McHugh*, 12 Cal. 5th at 233. *See also Ok Hee Park v. AXA Equitable Life Insurance Co.*, 2023 WL 1931373, at *3 (C.D. Cal. Jan. 11, 2023) ("[…] the Court finds that Defendant rightfully and accurately deducted unpaid premiums from the benefits paid to Plaintiffs."). The parties have jointly stipulated that the total unpaid policy premiums through April 29, 2018 – the date of Mr. Poe's death – for the Policies is $543.83. (ECF No. 192 at 2). The Court holds that $543.83 should be deducted from any damages award.

Second, the Court agrees with Plaintiff that because the Policies do not specify the rate of interest—save that the rate (whatever it may be) will not fall below 2 percent (JAF 42)—Cal. Civ. Code § 3289(b) applies. Following *Bentley*, a court is obligated to apply Cal. Ins. Code § 10172.5(a) when the relevant "[p]olicies specify a legal rate of interest."

-9-

*Bentley v. United of Omaha Life Ins. Co.*, 371 F.Supp. 3d 723, 741 (C.D. Cal. 2019); *see also Azami v. Ohio Nat'l Life Assur. Corp.*, 2021 WL 4100103, at *6 (C.D. Cal. 2021) ("The 10% interest rate of Cal. Civ. Code § 3289(b) does not apply because the Policy provided an interest rate."). Here, since the record is devoid of any evidence of the declared rate, the Court applies Cal. Civ. Code § 3289(b). Following Plaintiff's oral argument at the October 4, 2023, hearing, the fact that the Policies offer a floor of 2 percent does not satisfy the requirement that a policy "specify" or "stipulate" a legal rate of interest. To specify is to "mention, speak of, or name (something) definitely or explicitly." *Specify*, Oxford English Dictionary (online ed. 2023). When dealing with numerical values, to specify a rate is to offer a definite number. Contrary to Defendant's suggestion, to indicate a minimum or a floor is not sufficient to specify a rate of interest; to suggest a minimum or floor only sets a parameter for future specification.

In light of this, the Court holds that Plaintiff is entitled to summary judgment on the issue of contract damages. It is uncontested that the unpaid benefits due to Plaintiff are one-third of the $1,100,000 face value of the Policies.[5] Plaintiff is one of three equal beneficiaries of the Policies, so the unpaid benefits due to her are $366,667 (not including interest). (JAF 47). Since the Court applies Cal. Civ. Code § 3289(b), the applicable interest rate is 10 percent per annum after a breach. The Court held that the breach occurred when Defendant failed to pay the policy amount. Here, the Court treats Mr. Poe's death on April 29, 2018, as the date the breach occurred. This date comports with the Policy language stating that "Interest will accumulate from the date of death until a payment plan is elected or the proceeds are withdrawn in cash." (ECF No. 137-2 at 88).

---

[5] This fact is disputed by Defendant, who argues that this fact "is not a fact at all, but an improper legal conclusion." (JAF 38). The Court rejects Defendant's argument. Although Defendant disagrees with Plaintiff's contention that the unpaid benefits are "due" or "owed" to Plaintiff, the Court's holding is not based upon Plaintiff's mere assertion that this is so. Instead, the Court's holding is based on the Policies, both of which specify their face values, and $1,100,000 accurately reflects the sum of these values.

Since Plaintiff's interest is calculated at 10% per annum and 5.45 years (1,992 days) have passed since the time of breach, the calculation of damages is as follows[6]: *Simple Interest* = $(P \times R \times T) \div 100$, where *P* is the principal, *R* is the rate of interest in per cent per annum, and *T* is time in years.[7] Here, $(($366,667 \times 10 \times 5.45) \div 100) = $199,833.52$. Thus, the total damages owed to Plaintiff are $366,667 + $199,833.52 − $543.83 = $565,956.69.[8]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment. All pending deadlines and hearings in this action are vacated. Each side shall bear its own fees and costs. Plaintiff shall submit a proposed form of judgment within seven (7) calendar days of the date of this order.

**IT IS SO ORDERED.**

DATED: October 19, 2023



HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[6] The Court finds that the relevant cutoff date for interest accrual is the date of judgment. The Court's final judgment will reflect the updated sum, if necessary.

[7] Courts have implicitly interpreted Cal. Civ. Code § 3289(b) to require computation of simple interest as opposed to compound interest. *See, e.g., Hayes v. Scherer*, No. 8: 21-cv-00389-SSS-ADSx, 2023 WL 5506002, at *9 (C.D. Cal. July 3, 2023). This Court agrees.

[8] Plaintiff's expert Kent E. Barrett comes to a different number of total damages ($629,863) because he calculates the accrued *compound* interest. (ECF No. 137-2 at 217).